SECOR <i>et al.</i> v. SINGLETON <i>et al.</i>

(<i>Circuit Court, E. D. Missouri, E. D.</i>   May 24, 1888.)

1. INJUNCTION—TO PROTECT PRIVATE RIGHT—VIOLATION AND PUNISHMENT—INTEREST OF PROSECUTOR.
    Stockholders of a corporation obtained an injunction to restrain the levy of taxes on certain property of the corporation, and subsequently filed an information to have certain parties punished for contempt for violating the same. It appearing that the property to which the exemption attached had been sold to another corporation under a decree of foreclosure since the injunction, and that the complainants had no further interest in the question of its taxation, *held,* that they could not maintain the prosecution for contempt.

2. SAME.
    *Held, further,* that if the complainants were also stockholders of the corporation which had purchased the exempt property under the decree of foreclosure, and the exemption followed the property into the hands of the vendee, they might maintain the prosecution notwithstanding the sale.

3. SAME.

The courts will not entertain a proceeding to punish a person for violating an injunction granted to protect a merely private right, unless the proceeding is instituted by some one who has a pecuniary interest in the right to be protected.

4. STATES AND STATE OFFICERS—SUIT AGAINST STATE—TAXATION—EXEMPTION.

Where a statute of a state exempts certain property from taxation, a suit brought against certain state and county officers, to restrain them from assessing such property, is not in name or in effect a suit against a state; and a decree against such officers in a federal court, enjoining them from assessing exempt property, is not void under the decision in *Ex parte Ayers*, 123 U. S. 443, 8 Sup. Ct. Rep. 164.

In Equity.

Citation against R. M. Thompson, J. E. Billups, W. W. Buford, and William Y. Wyne, to show cause why they should not be punished for contempt.

*F. T. Hughes, H. S. Priest*, and *Geo. S. Grover*, for complainants.

*Anderson & Davis*, for respondents.

THAYER, J. 1. The motion to adjudge respondents guilty of contempt notwithstanding the return to the citation, like a demurrer, admits all the facts stated in the return. Complainants, as non-resident stockholders of the Missouri, Iowa & Nebraska Railway Company, on May 10, 1882, obtained a final decree against the then county judges of Scotland county and the county collector, enjoining them and their successors in office "from levying or attempting to levy, collecting or in any manner attempting to collect, from or of the Missouri, Iowa & Nebraska Railway Company, any taxes whatever, state, county, school, or municipal, * * * until the expiration of the period of exemption from taxation limited in the charter of said railway company, to-wit, until December 1, 1892." The interest which complainants had in the property that had been exempted from taxation was that of stockholders in the railroad company that then owned the exempt property, and it was on the strength of such interest that they were allowed to maintain the bill for an injunction, and eventually secured the decree above mentioned. The respondents' return alleges, among other things, that all the property of the Missouri, Iowa & Nebraska Railway Company to which the exemption from taxation applies, was sold under a decree of foreclosure on August 18, 1886, and that on December 3, 1886, it was delivered to and became vested in a corporation known as the "Keokuk & Western Railroad Company," "and that the complainants have no longer any interest whatsoever in said * * * property, or in the question of the taxation thereof, or in the matter of collecting taxes thereon." That clause of the return which I have placed in quotation, if standing alone, might be treated as a conclusion of law, and be ignored for that reason. Taken, however, in connection with the averments which precede it, (showing in what manner the complainants have been dispossessed of their interest,) the clause in question is well pleaded, and cannot be disregarded. For the purposes of the motion the foregoing averments must be taken as confessed. The question accordingly arises whether, in the face of the

admission that the complainants had lost all interest whatsoever in the maintenance of the injunction when the information herein was filed, the court ought to entertain their application to punish the respondents for a contempt. This question must be answered in the negative. When an injunction has been granted, as in this instance, in a suit between individuals to protect one of the parties in the enjoyment of some private right, immunity, or franchise, it seems to be the rule that no one can complain of a violation of the same, unless it be some one who has a present interest in maintaining the injunction, nor unless he was a party to the suit in which the order was obtained, or for some reason stands · in privity with one who was a party to the litigation. In cases where an injunction has been granted to enforce or maintain a merely private right, a proceeding instituted to punish a party for violating the order is very generally regarded as a proceeding to redress a private injury in which the public have no concern, and for that reason the prosecutor or person filing the information must have an interest in the proceeding differing from that of the general public; otherwise the courts will not entertain the information. *Hawley* v. *Bennett*, 4 Paige, 163; Rap. Contempt, § 127; 2 High, Inj. (2d Ed.) § 1449. The cases show that a party in whose favor an injunction has been awarded may by express agreement, or by his conduct, release the injunction, or at least waive his right to have particular acts done in violation of the restraining order adjudged to be a contempt. *Mills* v. *Cobby*, 1 Mer. 3; *Barfield* v. *Nicholson*, 2 Law J. Ch. 90; *Hull* v. *Harris*, 45 Conn. 544; 2 High, Inj. (2d Ed.) § 1450. It would seem to follow that an injunction obtained to protect a merely private right, is so far within the control of the party obtaining it, and is so far a matter of individual concern, that only those persons who have a present interest in the right to be protected, can be heard to complain of its violation. If a person in whose favor an injunction has been granted complains of its violation, a presumption should no doubt be indulged that he still has an interest in the subject-matter to which the injunction relates, without any averment to that effect; and if such interest is called in question by the respondent, the court ought not to inquire very particularly as to the extent of the prosecutor's interest, further than to assure itself that the prosecutor is not a mere intermeddler. If the present complainants are now stockholders of the Keokuk & Western Railroad, which has become the owner of the exempt property, I am inclined to the view that that gives them a sufficient interest to maintain this prosecution, assuming for the purposes of the case that the property in the hands of the Keokuk & Western Railroad is still exempt from taxation. Nevertheless it is essential that the person who sets on foot a prosecution for contempt should have some present interest in enforcing obedience to the order which has been violated. When it is admitted, as in the present case, that no such interest exists, the court cannot properly entertain the proceeding.

2. What has been said disposes of the motion; but as the action of the court in overruling the motion on the ground above stated does not necessarily end the proceeding, and as some other questions have been dis-

cussed, they will be decided. First in order of importance is the plea that the court ought not to punish the respondents for the alleged contempt, because the Keokuk & Western Railroad Company has for a long period acquiesced in the acts constituting the alleged contempt. That there has been such acquiescence admits of no controversy on the facts recited in the return. In March, 1886, William Y. Wyne, as collector of Scotland county, intervened in a suit brought to foreclose a mortgage on the property of the Missouri, Iowa & Nebraska Railway for the purpose of collecting taxes for the year 1885, levied by the county court of Scotland county on what is claimed to have been property that was exempt from taxation according to the decree of this court and the decision of the supreme court of Missouri, in *Scotland Co.* v. *Railway Co.*, 65 Mo. 123. Subsequently, in the year 1887, he brought suit against the Keokuk & Western Railroad Company, in the circuit court of Scotland county, to recover taxes for the year 1886, assessed against the same property. The present county judges of Scotland county, who are made respondents, did not levy the taxes for 1885 and 1886 so sued for, such levy having been made, it seems, by their predecessors in office. They made an appropriation, however, of certain money to prosecute the intervention in the foreclosure proceeding for the taxes of 1885. These are the several acts constituting the alleged contempt. In each of those suits the Keokuk & Western Railroad joined issue and went to trial long before the present information was filed by the complainants to punish the respondents for contempt in bringing the suits. In one of the cases judgment had already been recovered for the taxes of 1886 before the information was filed. In the other case it seems that the Keokuk & Western Railroad was instrumental in causing the same to be set for trial and heard, although the respondents had taken no action in that direction. That case, however, is as yet undecided. After these acts, after the Keokuk & Western Railroad Company has participated for months in litigation that was carried on apparently in open violation of a decree of this court, and after it had been defeated in one of the suits, the present information was filed on March 16, 1888, and it is now insisted that the court shall commit the respondents for contempt unless they release the judgment already obtained, and dismiss the intervention which is still pending and undetermined. On the face of the transaction it looks very much as though the Keokuk & Western Railroad Company is the real prosecutor, and as though its object was to defeat the suits above mentioned, which it has not succeeded in doing in the courts before whom the same are pending. If such be the fact, the right to insist that the respondents shall be punished for contempt because the suits were brought, and that they shall be compelled to dismiss the same, must be denied. The parties have acquiesced too long in the right asserted by the respondents to maintain those actions, to now insist, so far, at least, as those particular suits are concerned, that they have all the time been prosecuted in violation of the orders of this court. *Mills* v. *Cobby, supra.* If such was their view of the effect of the injunction, they should have asked this court to interpose its authority to arrest the prosecution of the suits

at an earlier day. As a purchaser from the Missouri, Iowa & Nebraska Railway of the property to which the exemption attached, no reason is perceived why the Keokuk & Western Railroad Company might not have lodged an information complaining of the alleged violation of the decree of May 10, 1882. It did not choose to pursue that course. It made its election to defend the suits as though rightfully brought, and took the chances of making a successful defense. Having adopted that course, (if the facts be as stated in this return,) the court will not, at the instance of the Keokuk & Western Railroad Company, adjudge the prosecution of those particular suits to be a contempt, nor will it interfere with the further prosecution of the same in the respective courts in which they are now pending. If it be true that the complainants filed the present information of their own volition, to protect their own interests, and that they did not file it at the solicitation of the Keokuk & Western Railroad Company, the conclusion already announced would not be changed. It is obvious that complainants can have no personal interest in the subject-matter of the controversy, except as stockholders of the Keokuk & Western Railroad Company, which now owns the exempt property. Though the taxes for the years 1885 and 1886 were assessed against the Missouri, Iowa & Nebraska Railroad, yet, under the law, they can only be enforced against the property on which they were levied, and that has long since passed into the possession of the Keokuk & Western Railroad. Both the state and the county of Scotland must look to property now belonging to the Keokuk & Western Railroad for payment of the tax-bills, even if it be conceded that the assessments were lawful. Assuming the matters stated in the return to be true, it is not possible to conceive how the Missouri, Iowa & Nebraska Railway can at the present day be in anywise interested in the pending controversy. That being the case, and inasmuch as complainants derive whatever interest they have in maintaining the injunction from their connection with the Keokuk & Western Railroad Company, it follows that if the railroad company has waived or forfeited its right to have respondents punished for contempt because of the acts alleged in the information and return, then the complainants are equally without right to maintain such prosecution.

3. In conclusion I will add that I see no reason to question the validity or binding force of the decree rendered in this case on May 10, 1882, on account of anything contained in decision in *Ex parte Ayers*, 123 U. S. 443, 8 Sup. Ct. Rep. 164. The two cases, in my opinion, may be readily distinguished. In the *Ayers Case*, there was no doubt whatever that the officers enjoined were proceeding to do what the laws of the state of Virginia expressly required them to do. The injunction awarded against them was, in effect, an injunction against the state. In the present case no law of the state of Missouri required the officers of Scotland county to assess taxes against the property of the Missouri, Iowa & Nebraska Railway, or to bring suits for their collection if such property was exempt. The court held that the property was exempt. Its injunction, therefore, instead of commanding a state officer to refrain from doing that which a statute of the state imperatively commanded him to do, really

enjoined the officer not to violate a law of the state by assessing taxes on exempt property. The state was neither a nominal nor real party defendant. An order will be entered overruling the motion to commit respondents notwithstanding the return. If complainants desire to take issue with any of the averments in the return they will have leave to do so within five days; otherwise respondents will be discharged from the citation, at complainants' costs.