### SPERRY & HUTCHINSON CO. v. POMMER et al.

(District Court, N. D. New York. October 8, 1912.)

1. INJUNCTION (§ 137*)—PRELIMINARY INJUNCTION—CONFLICTING EVIDENCE.

Where an application for a preliminary injunction is based on conflicting affidavits as to the material facts, and the case may be tried on its merits, without great delay, a preliminary injunction will not be granted except in cases of pressing necessity, as when it appears that great and irreparable damage is being done and that defendant is unable to respond in damages.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 307, 309; Dec. Dig. § 137.*]

2. INJUNCTION (§ 136*)—PRELIMINARY INJUNCTION—RIGHT TO WRIT.

Where, in a suit by a trading stamp concern against a competitor to restrain defendant's interference with complainant's customers by inducing them to break their contracts, defendants denied that they were doing any of the acts charged, tending to induce the merchants with whom complainant had contracted to break or violate such contracts, it was proper for the court to grant a temporary injunction restraining defendants from inducing complainant's customers to break their contracts by false statements or illegal means.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

3. INJUNCTION (§ 142*)—PRELIMINARY INJUNCTION—PARTIES.

Where complainant furnished trading stamps to merchants who furnished the same to customers as premiums as a reward for paying cash, and complainant claimed that defendant engaged in a similar business,

unlawfully induced claimant's customers, by false statements and unlawful means, to break their contracts, the court would not restrain defendant from furnishing its stamps to merchants at the suit of complainant to which the merchants were neither parties nor afforded an opportunity to be heard.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 314; Dec. Dig. § 142.*]

4. INJUNCTION (§ 99*)—COMPETITION.
The right to compete in any legitimate business in lawful ways and by lawful means is sacred and cannot be interfered with by injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 172; Dec. Dig. § 99.*]

5. INJUNCTION (§ 9*)—PRELIMINARY INJUNCTION—RIGHT TO WRIT.
A preliminary injunction will be granted only in cases where the right thereto is plain and the necessity is both apparent and pressing.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 8; Dec. Dig. § 9.*]

6. INJUNCTION (§ 63*)—UNLAWFUL COMPETITION—BREACH OF CONTRACT.
Where defendants had maliciously interfered with lawful and valid contracts between complainant and its customers, and are liable to continue so to do, and the damages suffered by complainant will be difficult of ascertainment, and a multiplicity of actions will be necessary to remedy such threatened wrongs, a permanent injunction will be granted without proof of express malice.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 63.*]

7. TORTS (§ 12*)—UNLAWFUL COMPETITION—INDUCING BREACH OF CONTRACT.
The right to compete in business does not justify unfair competition or misrepresentations, which tend to induce one party to a legal contract to refuse to perform it to the damage of the other party, or the giving of any form of consideration as an inducement to his violation of a valid contract.

[Ed. Note.—For other cases, see Torts, Cent. Dig. § 13; Dec. Dig. § 12.*
Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. Suit by the Sperry & Hutchinson Company against Henry Pommer and another, copartners doing business under the name of H. & J. Pommer, and another. On motion for preliminary injunction. Granted in part.

Randall J. Le Boeuf, of Albany, N. Y. (D. J. Lyons and John Hall Jones, both of New York City, of counsel), for complainant.

Goldfogle, Cohn & Lind, of New York City (Henry M. Goldfogle and Alfred D. Lind, both of New York City, of counsel), for defendants.

RAY, District Judge. The complainant moves for a preliminary injunction on the bill of complaint and affidavits filed, which allege in substance that the defendants are interfering with complainant's lawful contracts and inducing certain customers, parties to said contracts, to violate same to the great damage of the complainant; that defendants are interfering with the complainant's business in furnishing its trading stamps to merchants who are under exclusive contract with the complainant to use its stamps; and that by false representations

the defendants through their agents maliciously made are damaging the complainant's business to the profit of said defendants.

The complainant makes or causes to be made its trading stamps which are known as the "Green Trading Stamps." The defendants make or cause to be made and used their trading stamps which are known as the "Palace Trading Stamps." The complainant furnishes to its subscribers or those merchants under contract with it its Green Trading Stamps in pads which may contain 1,000 or 5,000 stamps, and the complainant's canvassers explain to householders that by making their purchases at these stores of said subscribers they will receive a trading stamp or stamps in accordance with the amount of the purchase, and that when a sufficient number are collected or received by the householder in this way that said stamps will be redeemed by the complainant at its premium store. The canvassers of the complainant deliver to the householders who are willing to receive them trading stamp books in blank for the convenient retention of said stamps until the required number have been collected. When the required number of these stamps has been received by the customer, he or she may go to the premium store of the complainant and there receive a premium in the form of some article of merchandise such as silverware, glassware, curtains, rugs, pictures, etc., claimed to correspond in value with the stamps collected in exchange for such stamps.

The specific object of this form of advertising is to attract customers to the stores of the complainant's subscribers, with whom the complainant has contracts to use their stamps exclusively, and to have such customers pay cash on all purchases.

The defendants, the owners and makers and distributors of the Palace Trading Stamps, are engaged in the same business, and the complainant and the defendants are therefore competitors in this business. After the stamps have been delivered to the merchant for use, there are, of course, three parties to a complete transaction; that is, the party furnishing the stamps to the merchant, the merchant who distributes the stamps, and the customer who pays cash for the goods, and the customer who receives the stamp and as a consideration for paying cash for his purchase of the merchant is eventually to receive some article of some value as a so-called premium.

The complainant alleges that it has entered into valid, written contracts with certain merchants in the city of Albany by which it has agreed to furnish these merchants its Green Trading Stamps and give the premiums to the customers of such merchants when they become entitled thereto, and that such merchants have agreed on their part to use the Green Trading Stamps of the complainant exclusively. The complainant contends that these contracts are valid and binding and violate no law. The complainant also contends that the defendants, engaged in the same business of furnishing stamps to merchants and supplying premiums to the customers of such merchants who make cash purchases, have unlawfully and wrongfully and maliciously interfered with the complainant's business and contracts with merchants to complainant's great damage in substantially the following manner, viz.: That defendants have gone to the merchants with

whom complainant has such contracts, and, by false representations and statements maliciously made, induced such merchants to disregard their contracts with the complainant and to enter into a contract or agreement with the defendants by which they are to use the Palace Trading Stamps either wholly or in part, and that they have induced these merchants to take and use such Palace Trading Stamps and discontinue the use in whole or in part of said Green Trading Stamps. The allegation is that the defendants have in such cases, and whenever and wherever they could, furnished such Palace Stamps, and that in many cases same have been used by merchants in violation of their contracts with the complainant, and that in some instances merchants have wholly broken and disregarded their contracts with the complainant.

The defendants deny that they have made any false or untrue representations or statements to these merchants or to any of them, and deny that they have done anything to induce these merchants to violate or disregard their contracts with the complainant. The defendants allege and claim that they have the right to compete with the complainant in this business, and to furnish their stamps to these merchants for use in the mode and manner and for the purposes aforesaid, so long as they make no false representations or statements, and so long as they do nothing for the purpose of inducing these merchants to break or disregard their contracts with the complainant. The defendants deny that they have said or done anything which has or will induce the merchants to violate or break their contracts with the complainant, unless it be that the mere offering to furnish their stamps to these merchants has that effect. The defendants contend that, even if the complainant has a valid contract with merchants to deal exclusively with the complainant and to take and use the Green Trading Stamps only, they, the defendants, have the right to offer these merchants their stamps for use in the same mode and manner, and that it is optional with the said merchants to take the Palace Trading Stamps and distribute them to their customers; and defendants also contend that if the merchants elect to break their contracts in that regard and use and distribute to their customers the Palace Trading Stamps as well as the Green Trading Stamps, or the Palace Stamps to the exclusion of the Green Trading Stamps, these defendants are not responsible and have committed no wrong so long as they do nothing else by way of inducement to the merchants; and defendants claim that this is not inducing these merchants under contract with the complainant to violate or break their contracts and is not an unlawful interference with the business of the complainant.

[1] The affidavits on the material questions in this case are conflicting, and the determination of the questions of law involved, if any, will depend largely on the facts as they appear on the trial. It has been settled for a long time that when affidavits as to the existence or nonexistence of the material facts alleged conflict, the question should be left for the trial court and jury, if it be a jury case, except in cases of pressing necessity, as when it appears that great and irreparable damage is being done and the defendant is unable to respond

in damages, and the trial must be so long postponed that immediate action is imperative. As to this case it can be brought to trial the first Tuesday in December next, 60 days hence, and on the trial the witnesses can be examined and cross-examined and the truth ascertained by court or jury. They reside within 100 miles of Utica.

[2] I see no necessity for a preliminary injunction except possibly in one particular. The defendants deny that they are doing any of the acts charged tending to induce the merchants to break or violate their contracts with the complainant. If they are enjoined from doing so by unlawful means, they cannot be harmed except in their feelings.

This court would not undertake to enjoin the defendants from offering or furnishing or supplying the "Palace Trading Stamps" to the merchants, who have, it is alleged, entered into contracts with the complainant to use its "Green Trading Stamps" exclusively, without notice to such merchants and hearing them. As complainant's counsel says in his brief:

"In the system there are three parties, the complainant, the subscriber (merchant), and the subscriber's customers."

[3] The alleged subscribers (merchants), who sell the goods to their customers (the consumers), who in turn get the premiums as a reward for paying cash, and such customers are not parties to this action, and for anything this court knows the merchants may desire to contest both the existence of the alleged contracts and their validity, if they do exist. I do not suppose this court can enjoin the defendants from supplying these merchants Palace Trading Stamps at the suit of this complainant if the merchant denies he is under contract with the complainant and really desires to have the Palace Trading Stamps, or if he voluntarily elects to violate his contract with complainant if he has made one, and receive the defendants' trading stamps to give his customers. I do not see that the customers of the merchants are in fact or in law parties to these contracts in any way that binds them to trade with a particular merchant or with particular merchants who are handling the Green Trading Stamps. It is settled law, I take it, that no man has the right by false statements or any illegal means to induce another, or actively attempt to induce another, under a valid contract with a third person, to break or violate such contract. I will assume, for the purposes of this motion, that the alleged contracts so far as they exist are valid, without deciding or holding them to be so, and grant an injunction restraining defendants and each of them from soliciting or requesting any merchant under contract with the complainant and known to the defendants to have such contract to violate same by means of materially false or untrue statements, or by means of any reward or compensation for so doing.

I will not decide, on this motion, that any of the alleged contracts are valid and binding on the merchants, or enjoin the defendants from furnishing the Palace Trading Stamps to any merchant who requests same or with whom they have a contract to furnish such stamps, or from offering to furnish the Palace Trading Stamps to any merchant whether under contract with the complainant or not.

As at present advised, I see nothing wrong in offering Palace Trading Stamps to any one. Active efforts by unlawful means used by A. to induce B. to violate his valid contract with C. is an unlawful and wrongful act and actionable, if successful, if it causes damage to C., and hence A. may be enjoined at the suit of C. from making efforts and using such means for such purpose, especially when there are a large number of such cases, and the unlawful acts which threaten damage promise to be successful and if not enjoined will result in a multiplicity of actions involving the same questions, and the amount of damage to the party wronged will be difficult of ascertainment or proof. It does not appear that the complainant has any exclusive right to put out trading stamps, and defendants have the right to compete with it in the business in all lawful ways. The customers of complainant are not parties here and have the right to voluntarily violate their valid contracts with complainant so far as defendants are concerned, and, if they do, must respond in damages to the injured party.

[4] The right to compete in any legitimate business in lawful ways and by lawful means is sacred and cannot be interfered with by injunction.

[5] The writ of injunction is a drastic remedy and should be granted only in cases where the right thereto is plain and the necessity therefor is apparent and pressing. This is especially true of preliminary injunctions. It must not be assumed that, in granting the injunction so far as I do, I find the defendants have solicited or used any improper means to induce any merchant to violate any existing contract, or that any merchant has broken any contract with the complainant; but as that charge is made in the moving papers and denied by the defendants, who make no claim of right to induce such merchants to break or violate existing and valid contracts between them or any of them and complainant, it can do no harm to defendants to grant the injunction so far. As already stated, the complainant can bring the case to trial at the term in December and the facts ascertained and the law applied and full justice done after the examination and cross-examination of witnesses in open court.

[6] If it shall appear on the trial that defendants or either of them have maliciously interfered with lawful and valid contracts between complainant and its customers, the merchants referred to, or any of them, and are liable to continue so to do, and that the damages will be difficult of ascertainment, and that a multiplicity of actions will be necessary to remedy such threatened wrongs, a permanent injunction can be issued. Angle v. Chicago, St. Paul, etc., R. R., 151 U. S. 1, 13, 14 Sup. Ct. 240, 38 L. Ed. 55; Green v. Button, 2 Cr., Mees. & R. 707. It is not necessary that express malice be proved, only such as the law implies from the nature of the acts done.

[7] Of course, the right to compete in business does not justify "unfair" competition in business or trade, or misrepresentations which tend to induce one party to a legal contract to refuse to perform it to the damage of the other party, or the giving of any form of consideration as an inducement to violate a valid contract.

If defendants have already induced merchants under valid con-

tracts with the complainant to break same, and they have done so, I question the right or power of any court to enjoin defendants from furnishing such merchants with the Palace Trading Stamps; but I do not now undertake to decide the question. So whether contracts between complainant and merchants to use the Green Trading Stamps exclusively are valid and binding, or void as in restraint of trade and as tending to create a monopoly odious in the eye of the law, is a question I will not now undertake to decide. When such a contract with all its terms is before me, and the parties interested have been heard and the existence of the contract—that is, its execution and delivery—is shown, it will be time enough to determine the questions suggested. As stated, until the trial of the action this court will decline to enjoin defendants from furnishing Palace Trading Stamps to those who desire them, and thereby deprive merchants of the right and power to deal with householders who desire to gather Palace Trading Stamps in order to secure the "Premiums" offered at the Palace Trading Stamp premium stores.

There may be a preliminary injunction, enjoining and restraining defendants and each of them from soliciting or inducing, by any illegal means or method, any merchant or merchants who are known to them to have existing contracts with the complainant to use the Green Trading Stamps exclusively, to break or violate such contract or contracts, until the further order of this court.