## Sperry & Hutchinson Company v. McKelvey Hughes Company, Appellant.

*Appeals—Attachment for contempt—Review—Certiorari.*

On an appeal from an order in an attachment for contempt, the appellate court must treat the proceeding as in the nature of a certiorari, and will not review the case upon its merits, or consider the testimony.

*Contempt of court—Disobedience of order of court—Review— Contracts—Monopolies—Parties.*

In reviewing an order in an attachment for contempt where it

58 SPERRY & H. CO. *v.* McKELVEY H. CO., Appellant.

appears that the contempt charged was in violation of an injunction previously entered, the appellate court will not concern itself with the rightfulness of the decree entered in the original proceedings.

Where an injunction is granted against a corporation and its officers and agents, and certain persons interested as stockholders and officers in the company form another corporation, but with some other persons added as members, and the new company conducts its business in the same way as the old company, and in violation of the terms of the decree, all the persons in the old company who have participated in the organization of the new company, and the additional members, who have knowledge of the decree, will be bound by the decree, and may be attached for contempt for violating it.

Where the complainant in an equity suit is a New Jersey corporation, and after a decree is entered, another corporation is organized in Pennsylvania with the same name, and with the same members, and the Pennsylvania company is merely used as an agent for conducting the New Jersey business in Pennsylvania, and contracts are taken in the name of the Pennsylvania company for the use of the New Jersey company, the latter company may be a proper party to institute contempt proceedings against the defendants who had been enjoined from violating the conditions of such contracts, and who had disobeyed the decree of the court.

Where a decree in a suit in equity enjoining the defendants from violating the conditions under which certain trading stamps and trading stamp books belonging to the plaintiff had been delivered to the defendants, is violated by the defendants, the latter cannot in attachment proceedings against them, claim that the contracts in question violated the antitrust statutes of the United States. Such contracts do not concern the buying and selling of articles of general commerce, but merely relate to things in the nature of personal contracts.

Argued April 13, 1916. Appeals, Nos. 35, 36, 37, 38 and 39, April T., 1915, by defendants, from decree of C. P. Allegheny Co., No. 393, First Term, 1908, In Equity, in attachment for contempt in case of The Sperry & Hutchinson Company v. McKelvey Hughes Company, et al. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for attachment for contempt. Before SWEARINGEN, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree awarding the attachment.

*Edward Herrmann,* with him *Pettes, Tyrell & Bracken,* for appellants.—The contracts in evidence and the testimony clearly show that the plaintiff is engaged in an interstate commerce: United States v. Reading Co., 226 U. S. 324.

The acts complained of, again assuming that they were interference with persons having contracts with the New Jersey corporation, do not constitute violations of the injunction either in letter or in spirit: Sullivan v. Jones & Laughlin Steel Co., 208 Pa. 540.

The burden was upon the plaintiff to establish, by a preponderance of evidence, that the acts complained of were in violation of the injunction: Potter v. How, 16 How. N. Y. Pr. 549.

*W. Benton Crisp,* with him *J. Van Devanter Crisp* and *Charles A. Poth,* for appellee.—The Sperry & Hutchinson Company of New Jersey, has the right to maintain this proceeding: Foard Co. of Baltimore v. State of Maryland, 219 Fed. 827; Hawley v. Bennett, 4 Paige N. Y. 163; Secor v. Singleton, 35 Fed. Rep. 376.

The McKelvey Company although not a party to the original action is liable for attachment for contempt: Re Lennon, 166 U. S. 548; York Mfg. Co. v. Oberdick, 11 Pa. D. R. 616; Titusville Iron Co. v. Quinn, 13 Pa. Dist. Rep. 416; People, ex rel., Stearns v. Man, 84 N. Y. Supp. 965.

The contracts made by the petitioner with its subscribers do not create or tend to create a monopoly on the part of the petitioner nor are they repulsive to or in conflict with the so-called antitrust statutes of the United States: Leslie v. Lorillard, 110 N. Y. 519; United States v. Reading Co., 226 Pa. U. S. 324; Whitwell v. Continental Tobacco Co., 125 Fed. 454.

60 SPERRY & H. CO. *v.* McKELVEY H. CO., Appellant.

OPINION BY KEPHART, J., July 18, 1916:

This is an appeal from an order of the court in an attachment for contempt.  The proceeding before us is in the nature of a certiorari and as such must be governed by the rules controlling such appeals.  The only question which can properly be raised is whether the court below exceeded its jurisdiction in holding the petitioner for a contempt and in imposing on him a fine therefor. We do not revise the case upon its merits.  Every fact found by the court below is taken to be true and every intendment is to be made in favor of their record if it appears that they proceeded within their jurisdiction. We are not at liberty, therefore, to consider the testimony or inquire whether the facts as they appear upon the hearing justify the action of the court below.  It is upon the theory that the judgment and the decree of the court was a nullity that we are authorized to reverse its action:  Case of Hummell and Bishoff, 9 Watts 416; Palmer v. Central Board of Education, 40 Pa. Superior Ct. 203; In Re Lennon, 166 U. S. 548.

On the 17th of October, 1908, the court below entered a decree enjoining the defendant, McKelvey Hughes Company, "their agents, attorneys, solicitors and representatives, from inducing subscribers under contracts with the plaintiff from in any manner violating the said contracts, and also from inducing the collectors of plaintiff's trading stamps from breaking the conditions under which said trading stamps, trading stamp books, and trading stamp pads were issued by the plaintiff, and received by said collectors, and likewise also from buying, selling, exchanging, trafficking and dealing in plaintiff's trading stamps, trading stamp books and trading stamp pads."  Shortly after the decree a number of the members of the defendant company organized a new company, called McKelvey Company, and conducted a trading stamp business in Allegheny County in the name of the Sterling Stamp Co.  The court below, on the 20th of November, 1909, attached for contempt this new con-

cern, with a number of the agents, and adjudged them guilty and imposed fines. Subsequent to this the McKelvey Company changed its name, making "The" a part of the name; it was composed of the stockholders and officers of the old company. It employed W. W. Sellard as its manager. He had originally been employed by the plaintiff and was instrumental in having instituted the former equity proceedings. The three other defendants were likewise employees of the plaintiff and they were subsequently employed by Sellard under "The McKelvey Company."

We are not concerned with the rightfulness of the decree entered in the original proceeding; it is not a matter open to question. It stands as the law with respect to the controversy between the parties. In passing we might say that there are a number of cases wherein the authority of the court to enter a decree of this nature has been sustained: Sperry & Hutchinson Co. v. Pommer, 199 Fed. 309; Sperry & Hutchinson Co. v. Louis Weber & Co., 161 Fed. 219. This latter case reviews the authorities considering the question of authority.

When the injunction was issued against this corporate body it was binding on its members acting for the corporation, its officers, employees and agents and all persons interested who knew of the existence of the decree. When persons connected with such defendant, controlled by the operation of the decree, formed another corporation for the purpose of evading the decree of the court, and continuing, under the guise of a new corporation, the unlawful acts enjoined, the original decree was just as effective against the new concern as it was against the one named in the bill. The mere fact that a new person is added as a member to change the character of the parties interested, will not alter the legal status of the new concern or of its members, officers, agents and servants who know of the existence of the court's decree. For a violation of it they will be just as guilty of a contempt under the changed corporate name and their

changed relations as they would have been had they remained with the parent concern.   To affect the new members it is essential that they must know of the existence of the court's order: In re Lennon, supra; High on Injunction, Sec. 1444; Mead v. Norris, 21 Wis. 310; Wellesley v. Mornington, 11 Beav. 181; Ulman v. Ritter, 72 Fed. 1000; Cape May, Etc., R. R. Co. v. Johnson, 35 N. J. Eq. 422; In Re Bryant, L. R. 4 Ch. Div. 98; Vansandau v. Rose, 2 Jac. & Walk. 264; Palmer v. Central Board of Education, supra; Patterson v. Wyoming Valley District Council, 31 Pa. Superior Ct. 112.

The plaintiff in the original bill was a corporation organized under the laws of the State of New Jersey, and is the petitioner in this proceeding.   Sometime after the final decree was entered a new corporation under the same name was organized in Pennsylvania.   Its capital stock and officers were practically the same as those of the New Jersey concern, and it was found by the court below that the Pennsylvania company was an agent of the petitioner in the conduct of its business in this State. Many of the contracts were taken in the name of the Pennsylvania concern, but they were for the use of the New Jersey corporation.   The court below found the legal relation between the two concerns to be such as to enable the plaintiff to proceed for the contempt complained of here.   In addition to this many of the contracts that had been violated were contracts directly with the New Jersey corporation, so that in any event the petitioner was the proper party to maintain the proceeding. "Proceedings for contempt to enforce a civil remedy to protect the rights of parties litigant should be instituted by the aggrieved parties or those who succeed to their rights, or someone who has a pecuniary interest in the right to be protected": 9 Cyc. 35; Foard Co. of Baltimore City, et al., v. State of Maryland, 219 Fed. 827; Hawley v. Bennett, 4 Paige, N. Y., 162; Secor, et al., v. Singleton, et al., 35 Fed. 376.   The contracts in question did not create or tend to create a monopoly on the part

of the petitioner, hence they are not in conflict with the anti-trust statutes of the United States.   The contracts do not concern the buying and selling of articles of general commerce.   They relate to things in the nature of personal contracts and not to things which can ever be the subject of general trade and traffic.   It was because of the peculiar nature of the contract and the method of its execution and of the result to be obtained that courts of equity entertained jurisdiction to restrain acts inducing a breach of such contracts: Locker v. American Tobacco Co., et al., 195 N. Y. 565; John D. Park & Sons v. Hartman, 153 Fed. 24-31.

The court having found as a question of fact that the terms of the injunction decree had been violated, and there being nothing in the record to show that it exceeded its jurisdiction in holding the petitioner for contempt, and in imposing a fine, the order of the court below is affirmed and the record is remitted that the same may be carried into execution.