**James P. MITCHELL, Secretary of Labor, United States Department of Labor,**

v.

**MILLER DRUGS, Inc.**

No. 5216.

United States Court of Appeals
First Circuit.

May 22, 1958.

---

---

Kenneth P. Montgomery, Regional Attorney, San Juan, P. R. (Stuart Rothman, Solicitor, Bessie Margolin, Asst. Solicitor, and Harry M. Leet and Robert J. Nye, Attys., U. S. Dept. of Labor, Washington, D. C., with him on brief), for appellant.

Orlando J. Antonsanti, San Juan, P. R., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and STALEY, Circuit Judges.

STALEY, Circuit Judge.

This action was initiated by the Secretary of Labor pursuant to authority granted in Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 217, to enjoin defendant from violating the overtime and minimum wage provisions of the Act with respect to certain employees in the central office and warehouse of a grocery chain composed of three retail stores. The district court found that although these employees come within the general ambit of the Act, the defendant is not required to pay them the minimum wage and overtime prescribed because their employment was within the "retail * * * establishment" exemption embodied in Section 13(a) (2), 29 U.S.C.A. § 213(a) (2):

> "The provisions of sections 206 and 207 of this title shall not apply with respect to * * * (2) any employee employed by any retail or service establishment, more than 50 per centum of which establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located. A 'retail or service establishment' shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry * * *."

It is stipulated that the employees of the central office and warehouse have been paid less than the minimum wage and have received no added compensation for certain overtime work. Since it is further agreed that the employees involved are within the general protection of the Fair Labor Standards Act, the issue is constricted to the narrow question of whether their employment is beyond the protection of the Act by reason of its being within the "retail establishment" exemption.

A. W. Miller, his wife Dorothy, and his son Glenn are the sole stockholders of defendant Miller Drugs, Inc., a Puerto Rican corporation engaged in the business of buying, warehousing, and selling food. It conducts its business in the Miramar section of Santurce in San Juan. A retail food market is operated on the first floor of the corporation's premises, and a restaurant in the basement of the same building. An office is located on the second floor. A warehouse is situated primarily in a rented house separated from the main building by an alleyway. A separate staff operates the office and warehouse, and it is this group of em-

ployees that is involved in the present controversy. The central office and warehouse services not only the retail outlet at defendant's principal place of business, but also two separately incorporated firms. They are Miller's Condado, Inc., and Miller's Ocean Park, Inc. All of the stock of both companies is owned by defendant Miller Drugs, Inc., and the Miller family. Whenever supplies are needed at the latter two retail food stores, they are trucked chiefly from the warehouse located on defendant's premises.

The employees in the central office perform the accounting functions for all three retail stores. Separate payroll records and separate financial statements are kept for each corporation.

The principal controversy in this appeal is centered around the definition of "retail establishment." In the earlier construction of the Fair Labor Standards Act of 1938, the term received varied judicial interpretation where more than one retail outlet involved was serviced by a central office or warehouse. Some cases defined the term broadly, so that it was held that several retail outlets, indeed the entire business organization, constituted only one "establishment." Walling v. L. Wiemann Co., 7 Cir., 1943, 138 F.2d 602, 150 A.L.R. 878, certiorari denied, 1944, 321 U.S. 785, 64 S.Ct. 782, 88 L.Ed. 1077; Allesandro v. C. F. Smith Co., 6 Cir., 1943, 136 F.2d 75, 149 A.L.R. 382. Under this view, the employees of a central office and warehouse came within the exemption of Section 13(a) (2), and thus were not afforded the beneficial protection of the Act. This court refused to attribute so broad a meaning to the term "establishment," and constricted its scope to a single retail outlet, thus extending the advantages of the Act to employees of the central office and warehouse since they did not fall within the exemption of Section 13(a) (2). A. H. Phillips, Inc. v. Walling, 1 Cir., 1944, 144 F.2d 102. In affirming this decision, the Supreme Court, after stating generally that exemptions from this remedial legislation should be strictly construed, cited with approval the administrative interpretation of the United States Department of Labor that "each physically separated store of a chain of stores will be considered a separate 'retail establishment.' The warehouses and central executive offices of the chain are not 'retail establishments.'" 1945, 324 U.S. 490, 498, 65 S.Ct. 807, 811, 89 L.Ed. 1095.

Defendant urges us to ignore the corporate entities and examine the realities attendant to its method of doing business, and to affirm the district court's holding that although three retail outlets are involved, the entire business constitutes one "retail establishment." Defendant supports its position by pointing to the Act's 1949 amendment which changed the exemption for employees from those "engaged in any retail or service establishment" to those "employed by any retail or service establishment."

The position of defendant is not tenable. In the recent case of Mitchell v. Bekins Van & Storage Co., 1957, 352 U.S. 1027, 77 S.Ct. 593, 1 L.Ed.2d 589, the Supreme Court made it amply clear that the 1949 amendment did not alter the principle of the Phillips decision. Rather, the Court cited the Phillips decision with approval, along with certain legislative history which makes it clear that the 1949 amendment did not affect the rule enunciated in that case.

We are told that this case differs factually from the Phillips decision, and indeed it does. But the principle remains that each separate retail outlet constitutes a "retail establishment" within Section 13(a) (2). As such, the employees involved in this case were not "employed by any retail or service establishment" and thus are not exempted from the operation of the Act.

A judgment will be entered vacating the judgment of the District Court and remanding the case to that Court for further proceedings not inconsistent with this opinion.