James P. MITCHELL, Secretary of Labor, etc., Appellant,

v.

M. L. BIRKETT et al., Appellees.

No. 16568.

United States Court of Appeals Eighth Circuit.

Jan. 12, 1961.

Beate Bloch, Atty., U. S. Dept. of Labor, Washington, D. C., for appellant; Bessie Margolin, Asst. Sol., and Harold C. Nystrom, Acting Sol., U. S. Dept. of Labor, Washington, D. C., and Earl Street, Regional Atty., U. S. Dept. of Labor, Dallas, Tex., on the brief.

Edgar E. Bethell, Fort Smith, Ark., for appellees; Bethell & Pearce, Fort Smith, Ark., on the brief.

Before WOODROUGH, VAN OOSTERHOUT and MATTHES, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an action by the Secretary of Labor to recover from the defendants minimum wages and overtime compensation alleged to be due five of defendants' employees under the provisions of Sections 6 and 7 of the Fair Labor Standards Act of 1938, as amended.[1]

After a trial upon the merits to the court, final judgment was entered dismissing the complaint. The Secretary has taken this timely appeal from such judgment. Jurisdiction is conferred upon the district court by Section 16(c) of the Act and by 28 U.S.C.A. §§ 1337 and 1345. This court acquired jurisdiction under 28 U.S.C.A. § 1291.

This action is against M. L. Birkett and J. M. Birkett, individually and as a partnership, d/b/a The Photo Shop. The five employee claimants were employed by the defendants at the photo shop located in Fort Smith, Arkansas. The defendants also operated a photography concession under the same trade name at Camp Chaffee, Arkansas, an Army installation located nine miles east of Fort Smith.

Defendants conceded that the employee claimants were engaged in interstate commerce and in the production of goods for interstate commerce within the meaning of the Act, and that claimants were not paid the minimum wage and overtime

1. 29 U.S.C.A. § 201 et seq. Like the parties, we will use the section numbers of the Act. Statutory references in the opinion, unless otherwise indicated, are to sections of the Fair Labor Standards Act.

compensation provided by the Act. Defendants denied claimants had worked the number of hours claimed.

Defendants as a defense to the action urged that their business operation economically and functionally constituted one establishment and that it was exempt from the coverage of the Act under the retail or service establishment exemptions contained in § 13(a) of the Act, which provides among other things that the provisions of §§ 6 and 7 of the Act shall not apply with respect to:

"(2) any employee employed by any retail or service establishment, more than 50 per centum of which establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located. A 'retail or service establishment' shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry; * * *".

The district court sustained this defense. Its opinion, which incorporates findings of fact and conclusions of law, and fully sets out the facts and the court's view of the law, is reported at 183 F.Supp. 291.

The complaint, filed October 14, 1959, sought wage adjustments for the period from July, 1957, to July, 1959. Defendants' operation changed in 1959 and defendants have been in compliance for the period subsequent to July, 1959. The trial court sustained defendants' statute of limitations defense under 29 U.S.C.A. § 255(a) as to claims for periods prior to October 14, 1957—two years prior to the filing of the complaint. No appeal has been taken from such determination. Thus, the period here involved is that from October 14, 1957, to July, 1959. The crucial issue presented by this appeal is whether defendants' photo shops at Fort Smith and at Camp Chaffee constitute one establishment as that term is used in the exemption section of the Act. Upon this issue, the court states:

"The plaintiff insists that an establishment, as that term is used in the Act, can mean only a distinct physical place of business and that each physically separated unit must stand on its individual record without regard to its economic and functional relationship to another unit. If this contention is correct, the Fort Chaffee concession sales could not be counted with the sales at the Fort Smith location in determining the applicability of the retail exemption. If the Fort Smith sales are analyzed alone, the defendants do not meet the statutory requirements of a retail establishment, and the court must find the issues in favor of the plaintiff." 183 F.Supp. 291, 296.

Thus, unless the defendants have met the burden which rests upon them of establishing that the shops at Fort Smith and Camp Chaffee constitute but one establishment within the meaning of § 13(a) (2) of the Act, we need not concern ourselves with other issues raised.

The facts on the establishment issue are not in dispute and are fully set out in the trial court's reported opinion. The trial court accepted defendants' contention that the two geographically separated units of defendants' business were functionally and economically one establishment. In reaching such conclusion, the court relied on the common ownership and purpose of the business, and the fact that the Fort Smith unit was set up to comply with an Army demand that twenty-four hour photo finishing service be furnished at the post concession. No space was available at the base for a photo finishing unit. It is, however, undisputed that the Fort Smith unit in addition to servicing the Camp Chaffee photo finishing, did similar work for Fort Smith customers and it likewise processed film on a wholesale basis for some fifty drug stores. The Fort Smith unit handled cameras and camera equipment, which items it was not permitted

to handle at the base store, and during part of the period here involved performed pickup and delivery service for a dry cleaner for compensation.

Separate records were maintained for the two shops. Defendants contend that this was done primarily because of its obligation to pay the Army a commission on business done at the base.

■ The Supreme Court has had occasion to consider what constitutes an establishment in Phillips, Inc. v. Walling, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095, and Mitchell v. Bekins Van & Storage Co., 352 U.S. 1027, 77 S.Ct. 593, 1 L.Ed. 2d 589. In the Phillips case, the retail exemption was denied to central office and warehouse employees of a retail chain store system. The court, as a basis for holding that the exemption provisions of the Act are to be narrowly construed, states:

> "The Fair Labor Standards Act was designed 'to extend the frontiers of social progress' by 'insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.' Message of the President to Congress, May 24, 1934. Any exemption from such humanitarian and remedial legislation must therefore be narrowly construed, giving due regard to the plain meaning of statutory language and the intent of Congress. To extend an exemption to other than those plainly and unmistakably within its terms and spirit is to abuse the interpretative process and to frustrate the announced will of the people." 324 U.S. 493, 65 S.Ct. 808.[2]

The court thus speaks of the meaning of retail establishments:

> "But if, as we believe, Congress used the word 'establishment' as it is normally used in business and in government—as meaning a distinct physical place of business—petitioner's enterprise is composed of 49 retail establishments and a single wholesale establishment." 324 U.S. 496, 65 S.Ct. 810.

At footnotes 6 and 7 the court supports its view that the word "establishment" as used in the Act was intended to have a narrow meaning.

■ It is true that the court went on to emphasize that the chain store system is a hybrid retail and wholesale enterprise and that while in the particular case the wholesale division supplies only its own stores, the duties of the wholesale employees economically, functionally and physically are like those of the employees of independent wholesalers.

The hybrid wholesale and retail situation in Phillips was seized upon by some courts as a basis for distinguishing situations where no wholesale function was involved. See Mitchell v. Bekins Van & Storage Co., 9 Cir., 231 F.2d 25, and Mitchell v. T. F. Taylor Fertilizer Works, 5 Cir., 233 F.2d 284, a case much relied upon by the defendants and the trial court.

The facts in the Bekins case are fully set out in the court of appeals opinion, which includes as an appendix the findings of the trial court. There five physically separated warehouses in the East Los Angeles area were operated as a unit with central control at one of the warehouses. The five warehouses served the East Los Angeles territory but the territory was not subdivided as to services to be rendered to any particular territory, by any one of the warehouses. Common management directed the work to be done by each warehouse and its moving equipment, and shifted employees from one warehouse to another. A common set of records and a common bank account were maintained. The court of appeals, in affirming the district court

---

2. For later cases reaffirming the doctrine that exemptions are to be narrowly construed, see Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392, 80 S.Ct. 453, 4 L.Ed.2d 393; Mitchell v. Kentucky Finance Co., 359 U.S. 290, 295, 79 S.Ct. 756, 3 L.Ed.2d 815.

decision holding that the five warehouse units constituted one establishment, emphasized that it did not consider it unreasonable to treat the five warehouses within a limited radius in downtown Los Angeles as one establishment. The court also pointed out that if it were not for financial and capital problems, and the necessity of making use of facilities it owned, the business of the five warehouses could and probably would be conducted under one roof.

The Supreme Court reversed the court of appeals decision in a brief per curiam opinion, reading:

> "The judgment is reversed. Respondent's five physically separate warehouses do not constitute a single 'retail establishment' within the meaning of the exemption provided by § 13(a)(2) of the Fair Labor Standards Act, 52 Stat. 1067, as amended, 63 Stat. 917, 29 U.S.C. § 213(a)(2), [29 U.S.C.A. § 213(a)(2).] Phillips, Inc. v. Walling, 324 U.S. 490 [65 S.Ct. 807, 89 L.Ed. 1095]; see 95 Cong.Rec. 12579." 352 U.S. 1027, 77 S.Ct. 593.

The Congressional Record reference in the opinion pertains to the legislative debate on the 1949 amendment to the retail or service establishment exemption where Senator George, one of the sponsors of the amendment, stated in part:

> " * * * I wish to say that the word 'establishment' has been very well defined in the Wage and Hour Act. It means now a single physically separate place of business which possesses the characteristics of a retailer and it does not mean an entire business enterprise."

The Taylor Fertilizer case is based on reasoning similar to that of the court of appeals in Bekins. Apparently no certiorari was applied for in the Taylor Fertilizer case. That case was decided prior to the Supreme Court's decision in Bekins and is inconsistent with such decision, at least to the extent that it questions the physical separateness principle of Phillips. Taylor Fertilizer is factually distinguishable as there the processing plant served the owner's single retail outlet. Here, the Fort Smith shop, in addition to processing film for the base shop, performed similar services for the Fort Smith shop and for independent drug stores. See and compare Fred Wolferman, Inc. v. Gustafson, 8 Cir., 169 F.2d 759.

In Mitchell v. Miller Drugs, Inc., 1 Cir., 255 F.2d 574, 576, the court rejected defendant's contention that its three retail outlets constituted one establishment because of the realities attendant to its method of doing business. The court fully considers the defendant's contention in the light of the law laid down in the Phillips and Bekins cases, and concludes: "But the principle remains that each separate retail outlet constitutes a 'retail establishment' within Section 13(a)(2)."

In McComb v. Wyandotte Furniture Co., 8 Cir., 169 F.2d 766, 769, we reversed the trial court's determination that five retail stores and two warehouses constituted an establishment within the meaning of the Act, stating:

> "The trial court also clearly erred in its view that the five stores and the warehouses could be regarded as constituting together one retail establishment for purposes of the exemption of section 13(a)(2) of the Act, 29 U.S.C.A. § 213(a)(2). The term 'retail establishment,' as used in that section, means 'a distinct physical place of business', and each store of a chain store system therefore must be viewed as a separate establishment."

We firmly believe that the Phillips and the Bekins cases require us to determine as a matter of law that defendants' photo shops at Fort Smith and Camp Chaffee, geographically nine miles apart, constitute separate establishments and that such shops cannot be considered one es-

tablishment as said term is used in the retail exemption provision found in § 13 (a) (2) of the Act. Common ownership and close functional and economic relationship between physically separated units of a business are not sufficient to make such combined units a single establishment, particularly where, as here, the geographical separation is substantial. This view is strengthened by the fact that the processing plant at Fort Smith not only performs processing service for the Camp Chaffee shop but also for Fort Smith customers and for independent drug stores.

Since it is conceded that the Fort Smith unit, which employs the claimants, standing alone does not meet the percentage requirements of the retail exemption provision of the Act, the court erred in holding that the employee claimants were not covered by the Act.

The judgment dismissing the petition is reversed.

The trial court, because of its belief that the claimants were not covered by the Act, stated that it did not consider the following defenses raised by the defendants' answer:

(a) The defendants had relied in good faith upon an interpretation by the Administrator of the Wage-Hour Division of the Department of Labor, hence the claim was barred by Section 9 of the Portal Pay Act of 1947 (29 U.S.C.A., Section 258).

(b) The claimants upon whose behalf the action was brought had not worked the hours alleged, and were not entitled in any event to recover the amount claimed.

Upon remand, consideration should be given to the defenses just stated and the amount, if any, due the individual employee claimants should be determined.

The judgment dismissing the complaint is reversed and this case is remanded for further proceedings not inconsistent with the views expressed in this opinion.