Allread, T.
On August 16, 1911, The Farmers Fertilizer Company, a corporation owning a commercial fertilizer plant, was, at the suit of residents of the vicinity, enjoined “from doing anything upon its premises that will set free offensive smells, stenches and noxious vapors.”
In the month of November, 1915, a new corporation was formed.. By consent of the old corporation the same name was used. A majority of the stockholders of the old company were stockholders of the new company.
The chief officers and six directors of the old company were chosen to like positions in the new.
*431 The corporate purpose of the new company was substantially the same as the old, to-wit, dealing in and manufacturing fertilizer and the ingredients thereof and kindred products.
The old company sold its property and plant to the new company, which took possession of the plant, erected new buildings thereon, and largely changed the business thereof — from a commercial fertilizer to a sulphuric acid plant. Upon affidavit and complaint the new corporation was cited to answer for violation of the injunction, and upon a hearing was convicted.
'Counsel for plaintiff in error contend that the conviction was unlawful:
1. Because there was a new company in possession and charge, not a party to the original case, nor named nor included in the injunction.
2. Because the business from which the noxious-vapors and stench are claimed to have emanated was a new business -conducted in new buildings and not described in the original petition and order of injunction.
While it is true that the restraining order was directed against the original corporation and did not expressly include its agents, successors or assigns, yet we are of opinion that the injunction operated against its controlling officers and managing-agents. 3 Cook on Corporations (7 ed.), Section 755.
This arises out of the very nature of the case. A corporation cannot act except through its officers and agents and cannot act in opposition to the will of its directors and stockholders.
*432 The reincorporation of The Farmers Fertilizer Company was for convenience in the transaction of-business. Its controlling officers and stockholders were practically the same.
A corporation is defined to be “A collection of many individuals, united in one body under a special denomination, and vested by 'the policy of the law with the capacity of acting in several respects as an individual.” State, ex rel., v. Standard Oil Co., 49 Ohio St., 137, 178, and First Natl. Bank v. Trebein Co., 59 Ohio St., 316, 327.
The fiction that a corporation is a legal entity separate and apart from the individuals composing the corporation is introduced for convenience of the corporation in the transaction of its business. For many purposes, however, the fiction may be disregarded and the corporation held tO' be the individuals composing it.
In the case at bar the new corporation succeeded the old in the ownership of the property and plant and in the conduct of the business. The new corporation was controlled by officers and agents and stockholders who were bound by the injunction, and who were acting under a charter. Looking at the new company as a collection of individuals, it would be subject to the injunction. It is a case, therefore, where the fiction of reincorporation should, as to the injunction, be disregarded. Besides, even if the new corporation were a new entity, the circumstances of the transfer of title and the knowledge of the officers and agents of the new company would hold them liable to the injunction of which they had notice, and which affected the management of the business to which *433 they had succeeded. Miller et al. v. Toledo Grain & Milling Co., 21 C. C., 325; In re Lennon, 166 U. S., 548; 22 Cyc., 1012, and 3 Cook on Corporations (7 ed.), Section 755.
There is a conflict of authority upon the proposition as to whether agents or third parties not named in the order of injunction can be held for contempt, but we think that the weight of authority sustains the conclusion herein announced.
'While it is true that the business of the new corporation has been changed, yet it is a kindred business and employs a process productive of stenches and noxious vapors similar in character to those arising out of the business conducted by the old company.
The order of injunction was'very broad. While the petition under which it was granted described the business of the old company, yet the injunction as modified was “from doing anything upon said premises that will set free offensive smells, stenches and noxious vapors.” This broad injunction was within the scope of the prayer of the petition and remained valid until modified.
The change of business did not, therefore, exonerate the new corporation from the injunction.
It therefore follows that the judgment of the court' of common pleas should be affirmed. •

hidgment affirmed.

Ferneding and Kunkle, JJ., concur.