WALLING, ADMINISTRATOR OF THE WAGE
AND HOUR DIVISION, U. S. DEPARTMENT OF
LABOR, v. JAMES V. REUTER, INC.

No. 436.  Argued March 10, 1944.—Decided April 10, 1944.

*Mr. Douglas B. Maggs,* with whom *Solicitor General Fahy, Mr. Robert L. Stern,* and *Miss Bessie Margolin* were on the brief, for petitioner.

*Mr. Frank S. Normann* for respondent.

Mr. CHIEF JUSTICE STONE delivered the opinion of the Court.

Petitioner brought this suit pursuant to § 17 of the Fair Labor Standards Act of June 25, 1938, 52 Stat. 1060, 29 U. S. C. §§ 201 *et seq.,* to restrain respondent, a Louisiana corporation, from violating the Act. The District Court found violations of §§ 6, 7, 15 (a) (1) (2) and (5) of the Act and gave judgment permanently restraining respondent, "its agents, servants, employees and attorneys, and all persons acting or claiming to act in its behalf or interest" from further violations. On appeal the Circuit Court of Appeals for the Fifth Circuit reversed, 137 F. 2d 315, and remanded the cause to the District Court for further proceedings. This Court granted certiorari, 320 U. S. 731.

The present proceeding is a motion to recall the writ of certiorari, submitted by the attorney who has appeared for respondent in this Court and in the two courts below. His motion is based upon the affidavit of James V. Reuter, described as the former president of the respondent corporation, from which it appears that on December 15, 1943, shortly after this Court had granted certiorari, Reuter and two others, being all the stockholders of respondent, duly

signed a consent that the corporation be dissolved and that Reuter be designated its liquidator; and that one day later, on December 16, 1943, Reuter, as liquidator, certified that the corporation had been "completely wound up and is dissolved." Upon filing the consent and certificate with the Secretary of State, with proof of publication of the notice of dissolution, the Secretary of State issued his certificate of December 31, 1943, certifying that the corporation "stands dissolved." See § 54 of Act 250 of the Louisiana Legislature of 1928 as amended by § 1 of Act 65 of 1932, and §§ 62 and 64 of Act 250 of the Louisiana Legislature of 1928. The purpose of the dissolution is stated to have been to secure tax advantages.

In support of the motion it is argued that since the corporation is, by Louisiana law, now dissolved without any prolongation of its life for the purpose of continuing pending litigation against it, see *McCoy* v. *State Line Oil & Gas Co.*, 180 La. 579, 583, the case has become moot; and further that, for want of a party respondent, this Court is without power to render any effective judgment in the appellate proceeding now pending before it.[1]

In the present posture of the case we think it plain that the moving papers fail to establish that the case is moot

---

[1] In the *McCoy* case, it was held at 585–586 that it is the duty of a liquidator of a corporation in dissolution to "terminate in a legal manner . . . by prosecuting, defending, or compromising it, all litigation pending in which the corporation is a party." The court further stated that "the Legislature had no intention of sanctioning the issuance of a certificate of dissolution" where the liquidator had failed to discharge that duty, to the injury of opposing litigants. The Louisiana court deemed it appropriate in that case to annul the certificate of dissolution of the corporation there involved, in view of its liquidator's failure to terminate in a legal manner, prior to dissolution, the suit there under consideration.

We do not consider whether in this case this Court has a like power to annul the certificate of dissolution of respondent corporation, so as to permit the continuation of appellate proceedings here, for, as will appear, other disposition of the case seems more appropriate.

or has abated merely because of the dissolution of the corporate defendant. See *United States* v. *Trans-Missouri Freight Assn.*, 166 U. S. 290, 307–310; cf. *Southern Pacific Co.* v. *Interstate Commerce Comm'n*, 219 U. S. 433, 452; *Southern Pacific Terminal Co.* v. *Interstate Commerce Comm'n*, 219 U. S. 498, 514–516; *Leonard & Leonard* v. *Earle*, 279 U. S. 392, 398. The judgment rendered by the District Court determined, subject only to resort to the prescribed appellate review of the judgment, the right of the administrator to an injunction restraining the corporation and those associated or identified with it from violating the statute. Not only is such an injunction enforcible by contempt proceedings against the corporation, its agents and officers and those individuals associated with it in the conduct of its business, *Wilson* v. *United States*, 221 U. S. 361, 376–377; cf. *In re Lennon*, 166 U. S. 548, but it may also, in appropriate circumstances, be enforced against those to whom the business may have been transferred, whether as a means of evading the judgment or for other reasons. The vitality of the judgment in such a case survives the dissolution of the corporate defendant. *Southport Petroleum Co.* v. *Labor Board*, 315 U. S. 100, 106–107. And see, to like effect, *Labor Board* v. *Hopwood Retinning Co.*, 104 F. 2d 302, 304–305; *Interstate Commerce Comm'n* v. *Western New York & P. R. Co.*, 82 F. 192, 194–195; *Morton* v. *Superior Court*, 65 Cal. 496, 4 P. 489; *Katenkamp* v. *Superior Court*, 16 Cal. 2d 696, 108 P. 2d 1; *Mayor* v. *New York & S. I. Ferry Co.*, 64 N. Y. 622; *Farmers Fertilizer Co.* v. *Ruh*, 7 Ohio App. 430; *Sperry & Hutchinson Co.* v. *McKelvey Hughes Co.*, 64 Pa. Super. 57, 61–62; cf. *Alemite Mfg. Corp.* v. *Staff*, 42 F. 2d 832, 833; *Labor Board* v. *Colten*, 105 F. 2d 179, 183; *Union Drawn Steel Co.* v. *Labor Board*, 109 F. 2d 587, 589, 594–595. And these principles may be applied in fuller measure in furtherance of the public interest, which here the

petitioner represents, than if only private interests were involved. See *Virginian Ry. Co.* v. *System Federation,* 300 U. S. 515, 552, and cases cited.

Whether a family business, such as this one appears to be, has successfully avoided all responsibility for compliance with the judgment entered against the family corporation, by the simple expedient of dissolving it and continuing the business under the individual control of members of the family, as appears to have taken place here, is a question which it is unnecessary for us to decide on the basis of the scanty and not entirely enlightening affidavits now submitted to us. It is enough for present purposes, if the appellate procedure, rendered abortive by respondent's dissolution, has not deprived petitioner of the benefits of the judgment rendered in his favor by the District Court, that he is entitled to initiate proceedings to enforce the judgment against individuals who either disobey its command or participate in the evasion of its terms. In such proceedings the question as to how far the successor to the corporation is bound by the decree may be fully investigated by the District Court, with appropriate appellate review. The decisive question for us then is whether petitioner can be rightly deprived of the benefit of the District Court's judgment by respondent's invocation of the appellate procedure provided by the statute, followed by the frustration of that procedure by respondent's dissolution.

It is true that this Court cannot, in the present state of the record,[2] render an effective judgment on the merits, because the sole respondent brought before us by the petition for certiorari, by reason of its dissolution, no longer has capacity to be sued, and no one has sought to procure substitution of any other person as party respondent.

---

[2] Compare note 1, *supra.*

Such is the effect of dissolution under the Louisiana law. See *McCoy* v. *State Line Oil & Gas Co., supra; Ortego* v. *Nehi Bottling Works,* 182 So. 365, 367 (La. App.); compare *Oklahoma Natural Gas Co.* v. *Oklahoma,* 273 U. S. 257. But the judgment of the District Court was entered against respondent before it was dissolved and while it was capable of being sued. Hence it was binding on respondent and, as we have seen, on others who, in appropriate circumstances, may be brought within its reach. The dissolution of respondent, so long as the certificate of dissolution is not annulled, precludes enforcement of the judgment against it, but does not foreclose petitioner from asserting his rights against such other persons as may be bound by the judgment. Hence it does not follow, because the pending appellate proceeding has abated, that the judgment of the District Court has abated because of respondent's dissolution. Nor does it follow, because of this Court's inability to proceed with the appeal on the merits for want of a proper party respondent, that petitioner is to be deprived of the benefit of his judgment in the District Court, which the statute contemplates shall be undisturbed save only by pursuit to completion of the prescribed appellate procedure.

It is a familiar practice of this Court that where for any reason the Court may not properly proceed with a case brought to it on appeal, or where for any reason it is without power to proceed with the appeal, it may nevertheless, in the exercise of its supervisory appellate power, make such disposition of the case as justice requires. When events subsequent to an appeal may affect the correctness of the judgment appealed from, this Court may vacate the judgment and remand the cause for further proceedings. *Missouri ex rel. Wabash Ry. Co.* v. *Public Service Comm'n,* 273 U. S. 126, 131; *Patterson* v. *Alabama,* 294 U. S. 600, 607, and cases cited; *Villa* v. *Van Schaick,* 299 U. S. 152,

155–156. When it is without jurisdiction to decide an appeal which should have been prosecuted to another court, it may vacate the judgment and remand the cause in order to enable the court below to enter a new judgment from which a proper appeal may be taken. *Gully* v. *Interstate Natural Gas Co.,* 292 U. S. 16; *Oklahoma Gas Co.* v. *Oklahoma Packing Co.,* 292 U. S. 386, 392; *Jameson & Co.* v. *Morgenthau,* 307 U. S. 171, 174; *Phillips* v. *United States,* 312 U. S. 246, 254. If a judgment has become moot, this Court may not consider its merits, but may make such disposition of the whole case as justice may require. *United States* v. *Hamburg-American Co.,* 239 U. S. 466, 477–478; *Heitmuller* v. *Stokes,* 256 U. S. 359, 362–363; *Brownlow* v. *Schwartz,* 261 U. S. 216, 218.

Here, for the reasons we have stated, it appears that petitioner is entitled to retain the benefit of the judgment entered in his favor by the District Court, subject only to the review of that judgment on appeal as the statute prescribes, and that that judgment is not shown to be moot or to have abated. But review of a judgment of the District Court contemplates more than a consideration of the case by the Circuit Court of Appeals alone. The losing party in that court may secure further review here upon certiorari, if he so desires and if this Court, in its discretion, grants the writ. Thus appellate review of the judgment of the District Court had not been completed when respondent was dissolved, and the full review contemplated by the statute was frustrated by that dissolution. By reason of that action, the judgment of the Circuit Court of Appeals, which is not final because the case is pending in this Court, cannot rightly be made the implement for depriving petitioner of the benefit of his judgment in the District Court. We conclude, therefore, that in the circumstances the only just and appropriate disposition which can be made of this case is that the judgment of the Court

of Appeals be vacated, and the judgment of the District Court restored, as though respondent had taken no appeal.

The judgment of the Court of Appeals is vacated, and the cause will be remanded to the District Court, where petitioner will be free to take such proceedings for the enforcement of the judgment of the District Court, as he may deem advisable, and as may be proper in the circumstances of the case. Any order of the District Court will, of course, be subject to appropriate appellate review.

*So ordered.*