**UNITED STATES v. AMERICAN OPTICAL CO. et al.**

**UNITED STATES v. BAUSCH & LOMB OPTICAL CO. et al.**

Nos. 46 C 1333, 46 C 1332.

United States District Court
N. D. Illinois, E. D.

March 9, 1951.

See also 95 F.Supp. 771.

Willis L. Hotchkiss, Chief Midwest Office, Antitrust Division, Chicago, Ill., for the United States.

Howard Ellis, Chicago, Ill., Louis F. Gillingham, Miami Beach, Fla., George Red, Henry P. Giessel, Houston, Tex., Richard H. Deutsch, Chicago, Ill., for defendants.

LA BUY, District Judge.

On September 18, 1950 permission was given the government to file a supplemental complaint naming as "defendant successors" eighty-nine persons who acquired the dispensing business from branches of

the defendants American Optical Company and Bausch & Lomb, and who were continuing to engage in the dispensing business.

The alleged defendant successors, Dallas H. Holford, S. N. Key, Sr., and S. N. Key, Jr., have filed a motion to dismiss the supplemental complaint as to them on the grounds (1) it does not appear that the dispensing business acquired by these defendants is not a purely local business or that these defendants are engaged in interstate commerce, and (2) that acquisition of the business of one company is not per se a violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1-7, 15 note, and it is necessary that such acquisition be an unreasonable restraint on interstate commerce.

■■■ The first contention is without merit in view of the cases of Mandeville Island Farms v. American Crystal Sugar Co., 1948, 334 U.S. 219, 68 S.Ct. 996, 92 L. Ed. 1328, and United States v. Patten, 1913, 226 U.S. 525, 544, 33 S.Ct. 141, 57 L.Ed. 333. Whether one brings himself within the appellation of "successor" and therefore within the scope of the court's jurisdiction depends upon an appraisal of his relation and behavior. Whether there was a bona fide discontinuance and a true change of ownership, or merely a disguised continuance of the old ownership, should not be determined from the pleadings alone. Successors may be instrumentalities through whom evasion is sought or may be persons who come within the description of persons engaging "in active concert or participation" in violation of the Sherman Act. For this reason, as was done in United States v. Bates Valve Bag Corporation, 3 Cir., 1930, 39 F.2d 162, 165, those who succeed to the interest of the original defendants during the pendency of the suit can properly be made defendants.

For the above reasons the motion to dismiss the supplemental complaint is overruled. The same order will be entered as to the motion to dismiss of the Medical Optical Dispensary. An order has this day been entered overruling said motions to dismiss.

■■■ A motion for summary judgment has been filed by Louis F. Gillingham, together with supporting affidavits. He avers that his business was not a successor business to the Miami branch of the defendant, that no significance can be attached to the purchase of used furniture from the Southeastern branch of defendant but "rather my complicity in this action as charged is nothing more than a charge of guilt by association"; that he has never entered into an agreement to "buy substantially all" of his needs from Southeastern. He attaches an Exhibit C which is a schedule of all optical merchandise and services purchased in his business from the time he opened his shop to the date of the taking of the depositions. The counter-affidavit of Harry R. Talan, attorney in the Chicago Office of the Antitrust Division avers that Gillingham had been an employee of Southeastern for three years, knew of the pending suit, and when Southeastern terminated its dispensing business purchased some assets from them. In Regal Knitwear Co. v. National Labor Relations Board, 1944, 324 U. S. 9, 15, 65 S.Ct. 478, 481, 89 L.Ed. 661, the court said: " 'Not only is such an injunction enforcible by contempt proceedings against the corporation, its agents and officers and those individuals associated with it in the conduct of its busines, * * * but it may also, in appropriate circumstances, be enforced against those to whom the business may have been transferred, whether as a means of evading the judgment or for other reasons.' Walling v. [James V.] Reuter, [Inc.], 321 U.S. 671, 674, 64 S.Ct. 826, 827, 828 [88 L.Ed. 1001]. * * * the reference is not merely to succession, but to a relation between the defendant and the successor which might of itself establish liability within the terms of Rule 65 [Fed.Rules Civ.Proc., 28 U.S.C.A.]." As determined in the above motions to dismiss, complete resolution of the question of successorship depends upon factors which are not present in these pleadings and affidavits, and the court is of the opinion that said motion for summary judgment should be denied. An order in accord therewith has this day been entered.