James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

SUCRS. DE A. MAYOL & CO., Inc., Defendant.

Civ. No. 326–57.

United States District Court
D. Puerto Rico,
San Juan Division.
Oct. 2, 1958.

Kenneth P. Montgomery, San Juan, P. R., for plaintiff.

O. J. Antonsanti, San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

This action is now under submission for a decision on the merits, on the basis of the pleadings, plaintiff's request for admissions and defendant's reply and supplemental reply thereto, defendant's interrogatory and plaintiff's answer thereto, plaintiff's motion for order that facts be taken as established, and defendant's opposition thereto, the oral and documentary evidence admitted at the trial and the briefs filed by counsel for the parties in support of their respective contentions.

The Court has given the most thorough consideration to the respective contentions and arguments of the parties and to the authorities by them cited in regard to the questions at issue and is duly advised in the premises.

As defendant concedes in its brief (p. 51), it failed to establish by competent evidence that its establishment meets the tests set out in Sec. 13(a) (2) of the Act (29 U.S.C.A. § 213(a) (2)) to qualify as a retail and service establishment thereunder, as to which it had the burden of proof, all that the Court has to consider and decide in this action is:

(1) Whether any of defendant's employees are engaged in interstate commerce as such term has been defined; and

(2) Whether or not particular employees of defendant are specifically exempted under Section 13(a) (1) of the Act (29 U.S.C.A. § 213(a) (1)).

I

Coverage

This action is not one for the collection of unpaid wages or for overtime compensation. It is one merely seeking injunctive relief against defendant restraining it from violating the provisions of the act, as regards certain of its employees engaged in interstate commerce, to whom defendant allegedly failed to pay wages at the minimum rates provided in the law and the applicable regulations, and who, allegedly worked for workweeks longer than 40 hours without being compensated by defendant at rates not less than one and one-half times the regular rates to them so payable.

No claim is made by plaintiff that the employees in question or any other employees of defendant were engaged in the production of goods for interstate commerce and there is, therefore, no issue herein, as to this aspect of Sections 6 and 7 of the Act (29 U.S.C.A. §§ 206 and 207).

The issue of coverage is exclusively predicated on the first aspect of said sections, i. e., "each of his employees who is engaged in commerce."

Accordingly, many of the cases cited by defendant and which involved situations dealing with employees engaged "in the production of goods for commerce" are not relevant here.

Plaintiff's evidence established that the approximately 45 employees mentioned in Par. IV of his complaint, most of whose names and the kind of work they performed were listed and described in plaintiff's answer to Interrogatory No. 4 propounded by defendant (Exh. 5(a) for Def.) were employed by defendant in activities such as:

"a. Ordering, making payments and keeping necessary records relating to goods received from outside Puerto Rico.

"b. Working as telephone switchboard operator receiving from, and making calls to, steamship companies relative to goods ordered and putting in claims for missing goods.

"c. Receiving and checking goods against freight invoices and other shipping papers, and placing the goods in the place where they would be stored awaiting later distribution in Puerto Rico.

"d. Performing custodial and janitorial services in office and warehouses of defendant."

Some of them worked in activities such as the ones described in a. above; others in such as those described in b. above; others in such as those described in c. above; and others in such as those described in d. above.

The Court entertains no doubt that whoever is employed in any of such activities in Puerto Rico in connection with the interstate aspects of a business such as that conducted by the defendant under the evidence herein, is engaged in interstate commerce within the meaning of the Fair Labor Standards Act, as heretofore construed by the Supreme Court of the United States and by a majority of the Federal courts.

This Court has already had the occasion to pass on these types of coverage. See James P. Mitchell, etc. v. Herminio Blas Gomez, Civil No. 9343, decided on June 12, 1957, and Mitchell v. Miller Drugs Inc., Civil No. 9225,

decided December 14, 1956, reversed on other grounds, 1 Cir., 255 F.2d 574.

See also: Fleming v. Jacksonville Paper Co., 5 Cir., 128 F.2d 395, affirmed on this point under the title of Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460; Reuter, Inc., v. Walling, 5 Cir., 137 F.2d 315, vacated on other grounds 321 U.S. 671, 64 S.Ct. 826, 88 L.Ed. 1001; Mitchell v. Royal Baking Co., 5 Cir., 219 F.2d 532; Stewart-Jordan Distributing Co. v. Tobin, 5 Cir., 210 F.2d 427, certiorari denied Stewart-Jordan Distributing Co. v. Mitchell, 347 U.S. 1013, 74 S.Ct. 866, 98 L.Ed. 1136; Walling v. Consumers Co., 7 Cir., 149 F.2d 626.

■ Defendant, though conceding that some, if not all, of its employees handled at its warehouse, merchandise received from abroad and destined for certain customers either on special orders or otherwise, seeks to avoid coverage of these employees under the guise that they did not devote all their time to said merchandise but were engaged in handling other merchandise which was not earmarked for any specific customer but was to be retailed by defendant over the counter at its store, and that the dollar value of the latter was much greater than the former, which it characterizes as "occasional," "insubstantial," and "infrequent."

The "de minimis" doctrine is not applicable to such a situation. Coverage does not depend on a percentage test. See Mabee v. White Plains Publishing Co., 327 U.S. 178, at page 181, 66 S.Ct. 511, at page 512, 90 L.Ed. 607; Tilbury v. Mitchell, 5 Cir., 220 F.2d 757, affirming per curiam Tilbury v. Rogers, D.C., 123 F.Supp. 109, certiorari denied 350 U.S. 839, 76 S.Ct. 77, 100 L.Ed. 748; Mitchell v. Royal Baking Co., supra; Mitchell v. Idaho Lumber Co., 9 Cir., 223 F.2d 836; Skidmore v. John J. Casale, 2 Cir., 160 F.2d 527, 531, concurring opinion of Judge Learned Hand.

Moreover, there is no evidence whatsoever of any segregation by defendant of the amount of hours worked by each

of the employees in purely interstate commerce and those worked in the activities it claims were intrastate. Therefore, all these employees remained under the coverage of the Act during all the time they worked in these activities, interstate or otherwise.

Plaintiff requests that the Court make a clear holding regarding the end of the flow of the stream of commerce under the facts of this particular case.

The Court does not see the necessity of any such holding here. The evidence fails to show that any of the employees in question was engaged, exclusively, in the handling of merchandise placed by the truckers in defendant's warehouses and thereafter checked, counted, sorted, stacked and mixed with other merchandise of defendant solely for its sale at defendant's store. What the evidence has established is that said employees performed the aforesaid operations on all merchandise received at the warehouses from time to time, be it for replenishing defendant's stock in trade or to fill special orders, or serve particular clients and that no segregation existed between one purpose or the others as regards the time devoted to each by any of the employees. Therefore, the employees fell within the coverage of the Act for all the time they worked in such operations irrespective of the ultimate destination of the merchandise, and a holding as regards the lawful end of the flow of the stream of commerce appears to be entirely superfluous under such circumstances.

## II

The Alleged Exemptions under Section 13(a) (1) of the Act (Title 29 U.S. C.A. § 213(a) (1)).

The onus probandi on this matter rested on defendant's shoulders.

As it failed to establish by a preponderance of the evidence that any of the employees in question met the tests established by the Administrator in the Regulations promulgated by mandate of Congress under Sec. 13(a) (1) of the

Act (Title 29 U.S.C.A. § 213(a) (1)) to qualify as being employed in a bona fide executive, administrative, professional or local retailing capacity or in the capacity of outside salesman, it is the Court's conclusion that none of them falls within the exemptions granted under said section of the Act.

The relief prayed for by the plaintiff must be, accordingly, granted and counsel for the plaintiff shall have a period of fifteen days, from the date he is served with notice of this order, to submit proposed findings of fact, conclusions of law and form of judgment, serving copy thereof to counsel for the defendant, who shall have a period of ten days to file objections or amendments thereto.

It is so ordered.