## INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, LOCAL 612, Appellant,

### v.

### DEATON TRUCK LINE, INC., Appellee.

### No. 19363.

United States Court of Appeals
Fifth Circuit.

Sept. 18, 1962.

Donald L. Newsom, Corretti & Newsom, Birmingham, Ala., for appellant.

M. L. Taliaferro, C. V. Stelzenmuller, Birmingham, Ala. (Moore, Thomas, Taliaferro, Forman & Burr, Birmingham, Ala., of counsel), for appellee.

Before TUTTLE, Chief Judge, and RIVES and BROWN, Circuit Judges.

RIVES, Circuit Judge.

Appellant labor union brought this suit under Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185,[1] seeking to compel Deaton Truck Line, Inc. to arbitrate a grievance pressed by the Union. The district court held that it had jurisdiction of the parties and the subject matter, but that the grievance did not come within the scope of the agreement and was not arbitrable. For that reason, it dismissed the action.

On appeal the Union deals only with the arbitrability of the dispute, while Deaton urges that we first consider other defenses, particularly that the case is outside the jurisdictional scope of 29

---

1. Subsection (a) of that section reads:
   "(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

U.S.C.A. § 185 because the subject matter sought to be arbitrated is not a labor grievance but a commercial dispute between independent contractor-lessors and their lessee.[2]

Deaton urges also in brief that the district court had no jurisdiction because the controversy was moot. "It was undisputed that at the time of trial there was plenty of business, the greatest volume of freight in Deaton's history, and excellent prospects for the future." "The proof showed there was no real or substantial controversy here. At most there is an abstract, academic, and hypothetical dispute. Inasmuch as the agreement sued upon expires on July 31, 1962, and the evidence showed that Spring and Summer are the best months for freight business, the record does not show even a reasonable probability of any further controversy of the kind here presented. Who knows what terms the next agreement will contain or if there will ever be a next agreement? If there ever was a dispute that was dead this is one of them."

After the appeal had been submitted upon briefs and oral argument, the Union reversed its position and moved to dismiss the appeal upon the following grounds:

"1. That the questions raised in the Appeal with reference to the arbitration are now moot in that the Appellee has ceased bringing in additional persons to be placed on the ready board during 'off season' hauling periods. There exists no claims for back pay and the Appellant waives any such claims if there be any which might be asserted in connection with the grievance set forth in the Appeal.

"2. That the Appellee in its brief asserts that the Appeal is moot and in view of the developments the Appellant concurs that the Appeal is moot and that same should and ought to be dismissed.

"3. The Appellant withdraws the contention that the existing collective bargaining contract requires that the seniority list be diminished."

Deaton now strenuously opposes the Union's motion to dismiss its appeal and insists that this Court should decide that the district court had no jurisdiction because the case is outside the jurisdictional scope of 29 U.S.C.A. § 185, and enter the appropriate judgment.

Without further laboring the varying positions of the parties, we are convinced that the controversy was moot at the time of trial in the district court and has continued so.[3] See Amalgamated Ass'n, etc. v. Wisconsin Employment Board, 1951, 340 U.S. 416, 71 S.Ct. 359, 95 L.Ed. 364; Textile Workers Union v. Lincoln Mills, 1957, 353 U.S. 448, 459, 77 S.Ct. 923, 1 L.Ed.2d 972. There being no real "case or controversy" the district court had no jurisdiction even to decide the jurisdictional scope of 29 U.S.C.A. § 185.

The judgment of the district court is therefore reversed and the cause remanded with directions to dismiss the action for mootness. See United States v. Munsingwear, Inc., 1950, 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36; Walling v. James V. Reuter, 1944, 321 U.S. 671, 64 S.Ct. 826, 88 L.Ed. 1001. The costs are taxed against appellant.

Reversed and remanded with directions.

2. The district court found:
"The object of the grievance * * * was to make defendant reduce the number of trucks in active service in its business during the slack season, in order to maintain the income of the lessors who had the longest continuous leases with defendant, at a more constant level throughout the year. Defendant was unwilling to accede to this demand because of the adverse effect that might have on its ability to keep sufficient trucks under lease to fill its needs, especially since junior lessors might suffer repossessions and foreclosures."

3. The contract between the Union and Deaton expired by its terms at the end of last July.