The AETNA CASUALTY AND SURETY COMPANY, a corporation, Plaintiff-Appellee,

v.

Clifford R. HUNT et al.,

State Farm Mutual Automobile Insurance Company, Intervenor Appellees.

Wilford Lamar Teel et al., Intervenors, Appellants.

No. 71-1712.

United States Court of Appeals, Tenth Circuit.

Aug. 17, 1972.

Rehearing Denied Sept. 27, 1972.

Dale F. McDaniel, of Whitten, McDaniel & Osmond, Tulsa, Okl., for appellee, Aetna Cas. and Sur. Co.

E. D. Hieronymus, of Rhodes, Hieronymus, Holloway & Wilson, Tulsa, Okl., for appellee, Independence Fire and Cas. Co.

Joseph A. Sharp, of Best, Sharp, Thomas & Glass, Tulsa, Okl., for intervenor-appellee, State Farm Mutual Automobile Ins. Co.

Jefferson G. Greer, Tulsa, Okl., for appellants.

Before LEWIS, Chief Judge, and KILKENNY * and DOYLE, Circuit Judges.

PER CURIAM.

In this diversity-declaratory judgment suit, originally brought by Aetna, a determination was sought of non-coverage and of no duty to defend under a certain automobile policy. State Farm Mutual and Independence Fire and Casualty intervened seeking similar adjudications. Appellants, representatives of the deceased persons and injured survivors of the accident, also intervened seeking ad-

* Of the Ninth Circuit sitting by designation.

judications that there was extended coverage under some or all of the policies.

The trial was carried out on a submission of depositions and other discovery evidence supplemented by very limited live testimony. At the close of this presentation the trial court adjourned the proceedings until a later time because of the press of other business. At the completion of this presentation of evidence it was contemplated that there would be oral arguments on a future occasion. Indeed there was a specific allotment of time for the argument of appellants' lawyer. But this commitment of the trial court to listen to arguments was never fulfilled. After a brief interlude of several days the court, without notice to either party, issued its findings, conclusions and judgment in favor of the several carriers. Although appellants thereafter moved for oral arguments, for a new trial and submitted their own proposed findings and conclusions, these requests were all summarily denied.

At no time was the trial court shown to have specifically dealt with the numerous contentions of appellants. Instead, the court simply found that the Hunt vehicle which had produced the head-on collision giving rise to the litigation was at the time of the incident being driven without the permission, either express or implied, of its 16-year-old owner. The court said that the driver, a friend of the owner, had taken the vehicle by force. In so finding, the trial court eschewed all of the issues raised by appellants and effectively sidetracked coverage under all of the policies.

Because of the unorthodox procedures which were followed, we must reverse the abortive judgment of the trial court and remand the cause for further proceedings. We take this action first, because of the complexity of the cause both legally and factually; the points raised demanded scrutiny of the specific contentions of appellants. Secondly, because the trial court had promised appellants' counsel an opportunity to present appellants' arguments and theories, it was obligated to fulfill its undertaking. A final reason is that the case never at any time was submitted to the court for decision.

In reversing the judgment we invoke our appellate supervisory authority to vacate and set aside a judgment of the district court and to remand the cause for such further proceedings as may be just in the circumstances. See 28 U.S.C. § 2106.[1]

The scope and extent of the authority granted is explained in numerous decisions of the Supreme Court.[2]

---

1. This section provides:
   The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances. June 25, 1948, c. 646, 62 Stat. 963.

2. That the grant of authority in § 2106 includes supervisory power is shown in the cases. See Fitzgerald v. United States Lines Company, 374 U.S. 16, 21, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963) (recognizing the power to regulate a cumbersome procedure); Elkins v. United States, 364 U.S. 206, 216, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960), citing McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943) (supervision of criminal justice); United States v. Munsingwear, Inc., 340 U.S. 36, 40, 41, 71 S.Ct. 104, 95 L.Ed. 36 (1950); Walling v. James V. Reuter, Inc., 321 U.S. 671, 676, 677, 64 S.Ct. 826, 88 L.Ed. 1001 (1944); United States v. Hamburg-American S.S. Co., 239 U.S. 466, 477, 36 S.Ct. 212, 60 L.Ed. 387 (1916) (review of a moot judgment); and see Haynes v. United States, 390 U.S. 85, 101, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968) (in which the Supreme Court acted so as to prevent further needless proceedings); Neely v. Martin K. Eby Construction Co., 386 U.S. 317, 321, 322, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967) (a case from the Tenth Circuit involving authority of a court of appeals to order the entry of a judgment nov).

Upon remand the district court will vacate its judgment and proceed to consider the case anew, allowing the appellants full opportunity to present their arguments and contentions. The remand will afford to the trial court a renewed occasion to reconsider its findings and to deal with the several issues in the case, adjudicating in accordance with the true merits of the controversies presented. The court is not to be limited in any manner and is free to hear additional evidence if there is a need to do so.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.