**AMERICAN SAMOA GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION, Plaintiff**

**v.**

**ATONIO MAILO, Defendant**

High Court of American Samoa
Trial Division

CA No. 128-95

January 26, 1996

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge

Counsel:     For Plaintiff, Ellen A. Ryan
             For Defendant, Afoa L. Su`esu`e Lutu

Order Denying Motion to Dismiss:

At issue in this case is a loan made by plaintiff American Samoa Government Employees Federal Credit Union ("ASGEFCU") to defendant Atonio Mailo. ASGEFCU has filed this case to collect on the loan, claiming Mailo has defaulted. Before this case arose, ASGEFCU was closed and liquidated, with the National Credit Union Administration ("NCUA") acting as the liquidating agent. NCUA assigned all of ASGEFCU's outstanding loans at the time of its liquidation to National Collection Services, Inc. ("NCS").

Currently before the court is Mailo's motion to dismiss. Mailo bases the motion primarily upon the fact that the ASGEFCU has been liquidated. Unfortunately, neither party has presented a valid argument to support its

163

position. This does not change the conclusion that, under the law controlling federal credit unions, the motion to dismiss must be denied.

Mailo argues that ASGEFCU cannot bring this suit, because it has been "liquidated." Under the common law, when a corporation ceases to exist, it loses its capacity to sue or be sued. *Walling v. James V. Reuter, Inc.*, 321 U.S. 671, 675-76 (1944); *Pendleton v. Russell*, 144 U.S. 640 (1892); 19 AM. JUR. 2D *Corporations* § 2896 (1986). However, this rule can be and has been abolished by statute in nearly every U.S. jurisdiction.

■ ASGEFCU answers Mailo's motion with two assertions: first, that as assignee, NCS has a legal right to pursue the loans originally made by ASGEFCU; and second, that this court has allowed NCS to pursue collection efforts in the past. Both of these arguments miss the legal point. First and most importantly, in gaining legal title to the loans, NCS did not gain, without more, a right to pursue actions in ASGEFCU's name. T.C.R.C.P. 17(a) requires an action to be brought in the name of the real party in interest. An assignment passes title from the assignor to the assignee, so that the latter is normally the real party in interest for purposes of Rule 17(a). *Cf.* 26 FED. PROC. L. ED. § 59:35 (stating the same rule for F.R.C.P. 17(a), upon which T.C.R.C.P. 17(a) is based). Thus, the assignment allows NCS to bring suit in its own name not ASGEFCU's name. Additionally, the simple fact that a plaintiff has been allowed to bring suit in the past, in his own name or that of another, does not grant him an absolute right to continue bringing suits. Whether a party is properly involved in a suit must be decided on a case-by-case basis.

■ Both parties have clearly missed the pertinent legal point. A federal credit union is a creation of federal law, and the federal law adequately provides for its existence following liquidation:

Upon certification by the liquidating agent in the case of an involuntary liquidation, and upon such proof as shall be satisfactory to the Board in the case of a voluntary liquidation, that distribution has been made and that liquidation has been completed, as provided herein, the Board shall cancel the charter of such Federal credit union; *but the corporate existence of the Federal credit union shall continue for a period of three years from the date of such cancellation of its charter, during which period the liquidating agent, or his duly appointed successor, or such persons as the Board shall designate, may act on behalf of the Federal credit union for the purpose of . . . collecting and distributing its assets, . . . and it may sue and be sued in its corporate name.*

12 U.S.C. § 1766(b)(5) (emphasis added).

164

Mailo has made no allegation that this statute does not apply or is not satisfied in this case. Thus, NCS possesses the ability to sue in ASGEFCU's name for three years following the cancellation of ASGEFCU's charter.

The motion to dismiss is denied. It is so ordered.