# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

| | | |
|---|---|---|
| QUALITY FIRST STAFFING SERVICES, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | Shelby Chancery No. 110274-1 R.D. |
| | ) | |
| VS. | ) | Appeal No. 02A01-9807-CH-00205 |
| | ) | |
| CHASE-CAVETT SERVICES, INC., and PERSONNEL PLUS, INC., | ) | |
| | ) | |
| Defendants/Appellants. | ) | |

**FILED**

May 7, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

### APPEAL FROM THE CHANCERY COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE
### THE HONORABLE NEAL SMALL, CHANCELLOR

**PAMELA Y. McFARLAND**
**RENFROE, McFARLAND & ORANGE, PLLC**
Memphis, Tennessee
Attorney for Appellants

**BRUCE C. HARRIS**
**WALTER BAILEY & ASSOCIATES**
Memphis, Tennessee
Attorney for Appellee

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**HOLLY KIRBY LILLARD, J.**

James Richardson ("Richardson") and James Taylor ("Taylor"), officers and agents

of Personnel Plus, Inc. ("Personnel") appeal the ruling of the trial court holding them in contempt for failure to pay Sixty Seven Thousand Dollars ($67,000.00) owed by Personnel to Quality First Staffing Services ("Quality") into the Registry of the Chancery Clerk.

## I. Factual and Procedural History

Quality and Personnel provide temporary staffing and employment services. Personnel entered into an agreement with Federal Express ("FedEx") on or about November 22, 1996. Quality and Personnel entered into a subcontract agreement on or about February 10, 1997 for services in reference to the FedEx contract. Subsequently, Quality and Personnel entered into a factoring contract with Chase-Cavett Services ("Chase"). Any monies received from FedEx to which Quality was entitled, Chase remitted same to Personnel pursuant to the factor agreement. All vendor/FedEx payments received by Personnel for Quality should have been remitted within fifteen days pursuant to the factor agreement. This litigation arose out of timeliness regarding payment and withholding funds.

On December 12, 1997, Quality filed a breach of contract complaint against Personnel and requested injunctive relief in Chancery Court. Shortly thereafter, Quality obtained a preliminary injunction and filed a Petition for Contempt and Specific Performance against Personnel alleging that Personnel withheld payment owing to Quality in the amount of $77,253.00. On or about February 27, 1998, Quality filed a motion seeking leave to amend to join claims and add defendants. In pertinent part, the motion sought to add Appellants Taylor (President, agent and CEO of Personnel) and Richardson (Vice-president of operations, agent and officer of Personnel) as defendants. No hearing was held nor was any order issued on the motion. [1]

On March 10, 1998, Personnel filed a response to the petition for contempt,

---

[1]It is not necessary that the person who is charged with contempt be a party to the underlying proceeding. Tennessee Code Annotated §29-9-102(3) states that a court can inflict punishments for contempts of court for "the willful disobedience or resistance of any officer of the said courts, party, juror, witness, *or any other person to any lawful writ, process, order, rule, decree, or command of said courts*." (emphasis added). It is also not necessary that the proceedings out of which the contempt arose be complete. A judgment of contempt fixing punishment is a final judgment from which appeal will lie. Hall v. Hall, 772 S.W.2d 432, (Tenn.App. 1989); Rules App.Proc., Rule 3(a).

specifically denying the allegation that it had the ability fully to comply with the provisions of the order prohibiting Personnel from withholding payments due to Quality. A hearing was held on Quality's first petition for contempt on March 11, 1998 and the court found that Personnel had funds that should be deposited in the amount of $77,000.00 and ordered Personnel to deposit said funds into the registry of the Chancery Clerk's office by 12:00 p.m. March 12, 1998.

On March 18, 1998, Quality filed a Petition for Scire Facias and Contempt against Personnel and Appellants, Taylor and Richardson. Personnel filed an Answer, generally and specifically denying it had the ability to comply with the order prohibiting Personnel from withholding payments due to Quality. At the contempt hearing on March 30, 1998, it was acknowledged that Personnel had deposited $10,000.00 into the registry of the Chancery Clerk. Personnel admitted to owing Quality the sum of $77,000.00.

The Petition for Scire Facias and Contempt was continued to June 5, 1998 in order to give Personnel time to deposit the balance of the funds owed to Quality into the registry of the Chancery Clerk. An order was entered directing Personnel, Taylor and Richardson to deposit the funds into the registry, and requiring the presence of Taylor and Richardson on June 5, 1998 to show cause why they should not be held in contempt if the balance owing Quality was not paid prior to that date.[2]

A hearing on this matter was held on June 9, 1998. The Court found Personnel and Appellants failed to deposit the previously ordered amount of $67,000.00 into the registry of the Chancery Clerk. On June 25, 1998, the court entered a Judgment of Contempt wherein the court (1) held Appellants, Taylor and Richardson, in contempt for failure to pay the $67,000.00, (2) ordered Appellants into the custody of the Sheriff of Shelby County for detention in jail beginning July 9, 1998 at 9:00 am until they purged themselves of the contempt and (3) awarded Quality a judgment in the amount of $77,000.00. The Judgment of Contempt made no mention of sanctions to be imposed against the defendant,

_____

[2]An Amended Order was entered on April 21, 1998, directing Personnel to deposit the $67,000.00 into the registry by June 1, 1998, and continued the matter to June 1, 1998 at 10:00.

3

Personnel.

Taylor and Richardson employed independent counsel, who filed a Motion to Set Aside Judgment of Contempt, or in the Alternative a Stay of Proceeding. The basis of the motion was the failure of Quality to allege or offer any proof to justify piercing the corporate veil of Personnel, and that sanctions against Taylor and Richardson in their individual capacity were therefore inappropriate.

On July 9, 1998, counsel for Quality, counsel for Personnel and counsel for Taylor and Richardson addressed the court regarding the Judgment for Contempt and the Motion to Set Aside. Counsel for Personnel and counsel for Taylor and Richardson argued that no showing had been made that Personnel had the ability to pay the $67,000.00 balance owed to Quality. Counsel for Personnel informed the court that Personnel and its officers promised to use their best efforts to obtain the outstanding balance but were unable to do so. Based upon the foregoing, the court refused to enforce that portion of the judgment of contempt requiring Taylor and Richardson to be incarcerated and left this issue for determination by the appellate court. Notice of Appeal was filed by Taylor and Richardson.

## II. Contempt

The matter of determining and dealing with contempts is within the court's sound discretion, subject to the absolute provisions of the law, and its determination is final unless there is a plain abuse of discretion. Robinson v. Air Draulics Engineering Company, 377 S.W.2d 908, 912 (Tenn. 1964). While our review of this matter is *de novo* upon the record of the trial court, the judgment of the trial court will not be reversed absent a showing of abuse of discretion.

Tennessee Code Annotated §29-9-102 sets forth the scope of power of the courts regarding contempt. The statute states in relevant part:

4

**§29-9-102. Scope of power. -** The power of the several courts to issue attachments, and inflict punishments for contempts of court, shall not be construed to extend to any except the following cases:

(3) The willful disobedience or resistance of any officer of the said courts, party, juror, witness, or any other person, to any lawful writ, process order, rule, decree, or command of said courts.

The court below found Taylor and Richardson, agents and officers of corporate defendant, Personnel, in contempt for failing to comply with the orders of the court directing them to deposit $67,000.00 into the registry of the Chancery Clerk's office. The contempt charge was based upon the order dated March 13, 1998 directing Personnel to pay the sum of $77,000.00 into the registry, and the order dated April 6, 1998 specifically directing Personnel, Taylor and Richardson to deposit the $67,000.00 balance into the registry. The April 6, 1998 order further ordered Taylor and Richardson to appear before the court on June 5, 1998 and show cause why they should not be held in contempt of court, provided they did not pay $67,000.00 into the registry by June 5, 1998. When the funds were not deposited by the date of the contempt hearing on June 9, 1998, the court found Personnel, Taylor and Richardson in civil contempt of court.

Appellants contend that the trial court's judgment was erroneous based upon the fact that there was no showing that Personnel, Taylor or Richardson had the ability to pay the amount required by the order or that they willfully refused to comply with the order. Appellants argue that the pleadings and testimony in this case contain repeated averments on behalf of Personnel, Taylor and Richardson that they did not have the ability to pay the money ordered by the trial court. Appellants assert that a trial court must make two findings prior to issuing a judgment of civil contempt: (1) the existence of the ability to perform the act ordered by the court and (2) willful failure to perform the act ordered by the court.

As to the willfulness of Appellants failure to perform, the trial court found Taylor and Richardson willfully disobeyed the order of the court and so stated in its judgment of contempt. Determining whether its order has been followed is a prerogative of the trial court and is uniquely within the trial court's discretion. Hallmark v. Tidwell, 849 S.W.2d 787

5

(Tenn.App. 1992). Appellants admitted to owing the money in question, and admittedly failed to deposit the money into the registry as directed by the orders of the court. We have no basis to second-guess the trial court's determination that Appellants' failure to deposit the money was willful.

Appellants contend that the judgment of the trial court was in error because there was no proof that Personnel or Appellants had the ability to pay the amount required by the order. It is true that in order to imprison a person for civil contempt, the contemnor must have the ability to perform the act he is ordered to perform. Gossett v. Gossett, 241 S.W.2d 934, 936 (Tenn.App. 1951). However, the burden of proof is on the contemnor to show his inability to pay. Leonard v. Leonard, 341 S.W.2d 740, 743 (Tenn. 1971). When the defendant testifies that he is without financial ability to conform, an adjudication that he has the ability to pay must rest upon convincing evidence so that the trier of facts may exercise sound judicial discretion thereon. Id. at 743-44.

In the judgment of contempt, the trial court states that all parties were present and represented by counsel and, importantly, that no testimony or proof was offered to the court. The burden of proof rests with Appellants to show the extent of their inability to perform. Mayer v. Mayer, 532 S.W.2d 54, 59 (Tenn.App. 1975). Although, in their answer to Quality's petition for contempt, Appellants denied that they had the ability to comply with the order and set forth the affirmative defense of inability to comply, Appellants presented no testimony or proof to support this defense at the contempt hearing. It was not incumbent upon Quality to prove ability to comply, as alleged by Appellants.

It is also not fatal that the order does not contain a specific finding regarding Appellant's ability to comply with the court's order. A decree of contempt based upon a petition which alleges failure to pay is not void merely because the decree does not state on its face that the contemnor is able to comply with decree and has wilfully refused to pay the amount in arrears. Leonard at 745. As the burden rested on Appellants to prove inability to make the payment as directed and Appellants presented no evidence in support of their claim, we cannot say that the trial court abused its discretion in finding Appellants

6

in contempt.

Appellants next argue that the trial court erred in holding Appellants liable for the debts of Personnel, absent a hearing or other proof justifying piercing the corporate veil. They contend that, as no evidence was presented in the trial court to support Personnel's ability to pay the sum of money ordered by the court, the only basis for holding Appellants in contempt would be if Appellants were personally liable for the debt.

Appellants are incorrect in their contention that Appellants were found to be personally liable for the debts of Personnel. In its March 13, 1998 order, the court ordered Personnel to deposit the money into the registry by June 1, 1998. The money to be deposited was to come from the corporation, not from the pockets of Appellants. However, it is obvious that a corporation can comply with such an order only by acting through its agents. When the money was not deposited by June 1, 1998, the trial court ordered Personnel and Appellants, as agents and officers of Personnel, to deposit the money owed by Personnel into the registry.

The case of Walling v. James V. Reuter, Inc., 321 U.S. 671, 88 L.Ed. 1001, 64 S.Ct. 826 (1944) discusses injunctions against corporations which can bind not only the corporation, but its agents, servants, employees and attorneys, and all persons acting or claiming to act in its behalf or interest. Id. at 672. In Walling, the Supreme Court states that "such an injunction is enforceable by contempt proceeding against the corporation, its agents and officers, and those associated with it in the conduct of its business . . ." Id. at 674. At the commencement of the case at hand, Personnel, and consequently its officers and agents, were enjoined from dissipating or transferring the funds owed to Quality.

The trial court ordered that the funds owed by Personnel be deposited through its agents, Taylor and Richardson. When the funds were not deposited, one option available to the court was to separately fine Personnel for each day it was in contempt until it performed the act ordered by the court. See Tenn. Code Ann. §29-9-104(b). However, as

7

Taylor and Richardson were specifically ordered to deposit the funds on behalf of Personnel, failed to do so, and failed to set forth any proof of inability to comply, it was not improper for the trial court to find Taylor and Richardson in contempt.

For all the foregoing reasons, we hold that the trial court did not err in finding Appellants, Taylor and Richardson, in contempt for willfully failing to comply with the orders of the trial court.

### III. Conclusion

The judgment of the trial court is hereby affirmed. Costs of this appeal are taxed to Appellants, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
LILLARD, J.

8