Justice Sotomayor,
with whom Justice Breyer joins, concurring in the judgment.
I agree with the Court’s conclusion that this case is moot and that vacatur is the appropriate disposition; unlike the majority, however, I would go no further. As the exchange *715 between the majority and Justice Kennedy demonstrates, the question whether Camreta, as a prevailing party, can obtain our review of the Ninth Circuit’s constitutional ruling is a difficult one. There is no warrant for reaching this question when there is clearly no longer a genuine case or controversy between the parties before us. See Sinochem Int’l Co. v. Malaysia Int’l Shipping Corp., 549 U. S. 422, 436 (2007) (noting that when a court can “readily” dispose of a case on one threshold ground, it should not reach another one that “is difficult to determine”). Indeed, it is improper for us to do so. Cf. U S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U. S. 18, 21 (1994) (“[A] federal court [may not] decide the merits of a legal question not posed in an Article III case or controversy”).
The majority suggests that we must decide whether Camreta has a “right to appeal” in order to vacate the judgment below under United States v. Munsingwear, Inc., 340 U. S. 36 (1950). See ante, at 712, n. 10; see also ante, at 710, n. 8. But that view does not accord with our past practice. See Arizonans for Official English v. Arizona, 520 U. S. 43, 66, 70, 74-75 (1997) (ordering vacatur of a District Court judgment without “resolv[ing]” our “grave doubts” about the petitioners’ appellate standing or deciding whether the state attorney general had a right to intervene as a party, and concluding only that he had statutory authority to “present argument” on appeal). Nor is it consistent with the principles underlying our mootness jurisprudence. See Walling v. James V. Reuter, Inc., 321 U. S. 671, 677 (1944) (“If a judgment has become moot, this Court... may make such disposition of the whole case as justice may require”). In accordance with our normal procedure for disposing of cases that have become moot through no fault of the party seeking review, see Bancorp, 513 U. S., at 22-23; Munsingwear, 340 U. S., at 39-40, and n. 2, we should simply vacate the portion of the Ninth Circuit’s opinion Camreta sought to challenge and remand with instructions to dismiss, see, e. g., Indiana *716 State Police Pension Trust v. Chrysler LLC, 556 U. S. 960 (2009) (per curiam).